## MARY S. JINKS v. BANNER LODGE NO. 484.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 10, 1890—Decided January 5, 1891.

1. The conferring of jurisdiction in equity, by agreement of the parties, is not favored; and when the case is absolutely clear upon this point, the Supreme Court will always feel itself at liberty to decline to recognize such an agreement.

(a) The constitution and by-laws of a beneficial association authorized a member to change the beneficiary in his certificate only by the surrender thereof, the issuance to him of a new certificate, and an entry thereof on the records:

2. A mere indorsement by the member, on the benefit certificate, of an order to pay the amount to a person other than the beneficiary named therein, will not entitle the payee to receive the amount from the association.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 171 October Term 1890, Sup. Ct.; court below, No. 497 September Term 1888, C. P. No. 1, in Equity.

On July 31, 1888, Mary S. Jinks, filed a bill in equity against the Banner Lodge, No. 484, the Grand Lodge, and the Supreme Lodge, of the Ladies and Knights of Honor, and Salome Reeg, in substance averring:

That in 1881, Martin Reeg became a member of Banner Lodge No. 484 of the Ladies and Knights of Honor, and received a benefit certificate for $2,000, payable at his death to

Salome Reeg, his wife; that on August 7, 1883, Reeg and wife separated under sealed articles of agreement, whereby Reeg conveyed to his wife certain property and paid her certain money, and Mrs. Reeg released him and his estate from all claims and demands of whatever nature; that, subsequently, Reeg made a will whereby he gave to Mary S. Jinks, the plaintiff, all benefits to arise from his benefit certificate in the said lodge, and soon thereafter wrote upon the certificate the words " Pay to Mary S. Jinks," signing his name thereto, and. that both the said will and the said certificate were afterwards lost; that Reeg paid all dues and assessments to the lodge to the time of his death, on December 4, 1887, in good standing in the order ; and that the fund for the payment of the amount of said certificate had been raised by the proper assessments and was in the hands of defendant lodges, ready to be paid to the person entitled thereto ; praying for a decree against the defendant lodges for the payment to the plaintiff of the amount due on the said certificate, and for further relief.

The lodges defendant did not answer, but their counsel appearing agreed for them that, Salome Reeg having answered, the lodges had no interest in the controversy, the cause should proceed, and the lodges would stand simply as stakeholders. The answer of Salome Reeg, admitted the membership of her husband in the order, and the articles of separation, but denied that she had released her rights under said benefit certificate, or that she and her husband thereafter lived separate and apart, and that her husband had any right to change the beneficiary in said certificate, except by his surrender thereof and his taking out a new one ; and averred that the relations of the plaintiff were meretricious, and that she had no insurable interest in Martin Reeg's life.

Issue having been joined, the cause was referred to *Mr. Marshall Brown*, as examiner and master, who on May 29, 1889, filed an exhaustive report, finding as facts, inter alia, that by constitution and by-laws of the said order the beneficiary in a benefit certificate could be changed by the member, but only by a transfer to be shown on the books or records of the Supreme Lodge; that the old certificate must be surrendered, and a new one issued to the member on the payment of a fee therefor ; that, though the articles of separation were exe-

Master's Report.

cuted on August 7, 1883, Martin Reeg retained the certificate, as issued, until in June, 1887, when he wrote and executed the order upon it, and thereafter had it in his possession until a few days before his death; that a will prepared for him in 1884, and perhaps then executed, giving the benefit of the certificate to the plaintiff, was delivered to the latter and destroyed by her some time about August, 1887, as then of no account.

Upon these facts, the master reported as his conclusions of law as follows:

The plaintiff would seem to have an adequate remedy at law, and the master would be disposed to so decide, if it were not for the fact that the learned counsel for the defendants requested and agreed, at the final hearing of the case, that whatever doubt existed as to the jurisdiction in equity should be solved in favor of that jurisdiction; it being the desire of the defendants, as well as the plaintiff, to settle in this proceeding all questions of title touching the fund in controversy.

The plaintiff has no right, at law or in equity, to recover the money arising upon the relief fund certificate of Martin Reeg, deceased. The legal conclusions deduced from the facts and supported by numerous decisions of courts of last resort, are as follows:

1. The alleged assignment, or change in her favor, was not made in accordance with the laws, rules and regulations of the order.

2. No authority exists, under the charter and rules of the order, authorizing a change, by will, of the beneficiary named in the certificates; and therefore it is unnecessary to pass upon the validity of the alleged will of Martin Reeg, deceased.

3. Plaintiff was not related to Martin Reeg, nor legally dependent upon him, nor was he legally bound to support her; and therefore she is not within the class of beneficiaries contemplated and created by the order.

4. Plaintiff had no insurable interest in the life of Martin Reeg, and a recovery by her would be in violation of the organic law of the order, and of the far-reaching rule of public policy.

5. The separation articles between Martin Reeg and Salome, his wife, worked a release by her of any interest in his estate,

Master's Report.

but did not transfer to him any prospective estate of her own in the certificate in controversy. Martin Reeg had no estate in the certificate, but a mere power to change, in accordance with the rules of the order, the name of the beneficiary thereof.

6. No legal change affecting the right and prospective estate of Salome Reeg, under the certificate, was ever made.*

—In support of the foregoing conclusions, the master cited and considered: (1, 2) Coleman v. Supreme Lodge, 18 Mo. App. 189; Holland v. Taylor, 111 Ind. 121; Ireland v. Ireland, 42 Hun 212; Renk v. Herman Lodge, 2 Dema. 409; Vallman's App., 92 Pa. 50; Stephenson v. Stephenson, 64 Ia. 534; Knights of Honor v. Nairn, 60 Mich. 44; Nat. Mut. Aid Soc. v. Lupold, 101 Pa. 118; Olmstead v. Benefit Soc., 37 Kas. 93; Wendt v. Legion of Honor, 72 Ia. 682; Catholic Benef. Ass'n v. Priest, 46 Mich. 429; McClure v. Johnson, 56 Ia. 620; Bown v. Mut. Soc., 33 Hun 263; Swift v. San Francisco Board, 67 Cal. 567. (3, 4) Ruth v. Katterman, 112 Pa. 251; Seigrist v. Schmoltz, 113 Pa. 326; Price v. Supreme Lodge, 68 Tex. 361; Keystone Ass'n v. Norris, 115 Pa. 446; U. B. M. A. Soc. v. McDonald, 122 Pa. 324; Corson's App., 113 Pa. 445. (5, 6) Insurance Co. v. Schaffer, 94 U. S. 457; Insurance Co. v. Dunham, 46 Conn. 79; McKee v. Insurance Co., 28 Mo. 383 (75 Am. Dec. 129); Corson's App., 113 Pa. 448. The master, therefore, recommended a decree dismissing the plaintiff's bill with costs.

Exceptions to the report filed by the plaintiff, having been argued before the court in banc, the exceptions were dismissed, the report confirmed, and a decree entered dismissing the bill. Thereupon, the plaintiff took this appeal, specifying the dismissal of her exceptions, the confirmation of the report, and the decree dismissing her bill, for error.

*Mr. A. Blakeley* (with him *Mr. A. M. Blakeley*), for the appellant.

*Mr. J. S. Ferguson* (with him *Mr. E. G. Ferguson* and *Mr. Henry Meyer*), for the appellee.

---

* The importance, indeed, the necessity of distinct and separate findings both of fact and of law, as in this case, and by both auditors in the Orphans' Court and masters in equity proceedings, cannot be over-rated.

Opinion of the Court.

PER CURIAM:

The learned master appears to have been of opinion that this case did not come within the equity jurisdiction of the court below, for the reason that the plaintiff had an adequate remedy at law. In this, he was perhaps correct. He says, however, that at the final hearing "the defendants requested and agreed that whatever doubt existed as to the jurisdiction in equity should be resolved in favor of the jurisdiction; it being the desire of the defendants, as well as the plaintiff, to settle in this proceeding all questions of title touching the fund in controversy." We do not favor giving jurisdiction to equity by consent, and when the case is absolutely clear upon this point we shall always feel at liberty to decline to recognize such agreement. In view of the fact that something might be said in favor of the jurisdiction, and that the case has proceeded to final hearing at considerable expense to the parties, we have concluded to dispose of it as it stands.

This is not difficult. If we concede that it was at one time the intention of Martin Reeg to make Mary S. Jinks, appellant, the beneficiary of the certificate in question, it is clear that he did not do so according to the forms of the order provided in such cases. The master has so found, and his finding is sustained by the court below. It is true, Reeg wrote the words, "Pay to Mary S. Jinks," on the certificate, in June, 1887; but he kept it in his possession until within a few days of his death. It is not a strained inference from this fact, that the intention to divert this fund from his lawful wife to another woman with whom he lived, but who had no claim upon him which the law would recognize, was not even fully executed in his own mind. We do not know what influence was brought to bear upon him to make this indorsement, but it is evident he proceeded no further in the matter, and there is nothing to show that he intended to. As the matter stands, the appellant has no legal claim against the lodge, and the court below was right in dismissing her bill.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.