# Scheid, Appellant, *v.* Storch et al.

*Insurance—Life insurance — Assignment of policy — Equitable assignment—Partners—Declarations as to ownership—Will as evidence—Waiver of defense by payment into court.*

1. Where policies of life insurance are taken out on the lives of two partners, who are cousins, each payable to the other, designated as "partner of insured," and the premiums are paid by the partnership until it is dissolved, when each continues to pay the premiums on his respective policy, and it appears that there had been a parol delivery of the policies, after the dissolution, to the respective persons insured, under circumstances which indicated an intention to vest the ownership of each policy in the person insured under it, the executors of one of the late partners is entitled to the proceeds of the policy under which the deceased was insured, as against the other partner.

2. The delivery of the policy constituted an equitable assignment, and was just as effective as if a formal assignment had been made.

3. The neglect of the deceased to substitute another beneficiary in place of his late partner was immaterial.

4. So also it was immaterial that the deceased substituted the name of his wife in place of his partner in another policy on his own life in a different company.

5. A will of the deceased showing that he had given legacies to other relatives further removed by blood than his cousin and partner, is inadmissible for the purpose of indicating that the cousin had been 'eft out because the testator intended that the policy

should be paid to him, inasmuch as no one could know what was in testator's mind at the time the will was executed, save as it affirmatively speaks his purpose.

6. In such case, a list, prepared by deceased, of his insurance policies, with the policy in question among them, was properly received in evidence as a declaration by him of ownership.

7. Declarations as to ownership by a person in possession of personal property are admissible to show title to the property in the declarant.

8. Cases where insurance companies have set up as a defense the failure to properly assign the policy according to its terms, are not apposite to that under consideration, as the company here waived that stipulation by paying the money into court.

Argued October 3, 1921.    Appeal, No. 114, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1919, No. 5144, on verdict for defendants, in case of Franklin C. Scheid v. Sallie M. Storch et al., executors of Frederick W. Storch, deceased.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Feigned issue to determine ownership of proceeds of life insurance policy.    Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned,* inter alia, were various rulings on evidence sufficiently appearing by the opinion of the Supreme Court, and refusal of plaintiff's motion for judgment n. o. v.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellant.—There must always be proof of an overt act showing the intention to assign: Ramsay v. Myers, 6 Pa. Dist. R. 468; Wirt's Est., 20 Pa. Dist. R. 237; O'Grady v. Ins. Co., 3 Pa. Superior Ct. 548; Haberfeld v. Mayer, 256 Pa. 151.

The fact that the partnership was dissolved and Scheid was therefore no longer "partner of the insured"

did not deprive him of his right: Brown v. Ancient Order of United Workmen, 208 Pa. 101; Jones's Est., 211 Pa. 364.

*G. Von Phul Jones,* for appellees.—Statements and acts of Storch in his lifetime showing that he regarded the policy in question as his own property, were relevant: Benedict v. Marsh, 127 Pa. 309; Duffey v. Congregation, 48 Pa. 46; Sheaffer v. Eakman, 56 Pa. 144.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

Franklin C. Scheid, appellant, and Frederick W. Storch were partners. In the year 1910, a policy of life insurance was taken out on the life of each, payable to the other, the beneficiary being designated as "partner of insured." During the continuance of the firm, premiums were paid out of partnership funds; on its dissolution, each partner continued to pay the premiums on his respective policy. The partnership was dissolved in 1915, and, on the death of Storch, in December, 1919, the policy here in question, taken out in the New York Life Insurance Company, was found in his possession, with Scheid named as beneficiary.

Suit was begun against the insurance company by Scheid, and also by the executors of Storch, to recover on the policy; the company petitioned for an interpleader, which was granted, and an issue was framed with Scheid plaintiff and Storch's executors defendants; a verdict was found for defendants, and, judgment being entered thereon, plaintiff appealed.

Subsequent to the dissolution of the partnership, the policy in suit was found in a safe belonging to Scheid, and his bookkeeper, acting under general instructions to turn all papers belonging to Storch over to him, delivered the policy accordingly. Shortly after this, Scheid met Storch and the former said to the latter, "Did you get your policy," Storch replied, "Yes, you do with your policy what you please, I'll do with my policy what I

please." Scheid himself testified to this declaration, and apparently acquiesced in the statement made by his former partner. Scheid also declared, when asked, subsequent to the death of Storch, what became of the policies after the dissolution of the partnership, that each of the partners had taken his policy as part of the partnership dissolution.

The delivery of the policy by Scheid to Storch constituted an equitable assignment,—Scheid's intention, at the time of the delivery, being to transfer his beneficial interest to Storch,—and was just as effective as if a formal assignment had been made: Hani v. Germania Life Insurance Co., 197 Pa. 276, 279; Bonistalli v. Bonistalli, 269 Pa. 8, 12. Had Scheid thought he was entitled to the proceeds of the policy, it is inconceivable that he would not have kept it, and his turning it over to Storch, was manifestly with the purpose and intention to vest in the latter whatever interest he had in it. Storch, after receiving the policy, considered it his, as is apparent from the fact that he listed it among his assets to banks, from whom he was obtaining loans, in one instance indicating that his wife was beneficiary in it, and by the further fact that he paid the premiums on it after the dissolution of the partnership. Since it clearly appeared that the policy was taken out for partnership purposes, when that purpose was served, Scheid recognized, by delivering it to Storch, that he had no claim under the policy; as between them, the circumstance that Storch neglected to substitute another beneficiary is, under the facts here appearing, of no consequence, and his neglect to do so did not deprive him or his estate of the interest in the policy acquired by Scheid's equitable assignment, nor is the circumstance that Storch substituted the name of his wife in place of Scheid's, in a policy in another company, at all controlling. It was the act of Scheid, in turning over the policy to Storch, with the attending circumstances, which gave the latter title to it.

The list prepared by Storch of his insurance policies, with the policy in suit shown among them, was properly received in evidence as a declaration by him of his ownership. Declarations as to ownership by a person in possession of personal property are admissible to show title to the property in the declarant: 16 Cyc. 1173; 22 Corpus Juris 276; Duffey v. Presbyterian Congregation of Bellefonte, 48 Pa. 46, 51.

The case in hand is readily distinguishable from Haberfeld v. Mayer, 256 Pa. 151, in which a partner had obtained insurance for the benefit of a copartner, and the partnership was dissolved but the beneficiary in the policy not changed. There was no evidence in that case of any act or declaration on the part of the beneficiary, which showed either an assignment of his interest in the policy or a recognition by him that it had ceased; nor are the cases where insurance companies have set up as a defense the failure to properly assign the policy according to its terms, apposite to that under consideration. An insurance company can waive such stipulation in a policy, and in this case did so by paying the money into court.

Storch and Scheid were first cousins, and, predicated upon this fact, appellant attempted to offer in evidence the will of Storch, for the purpose of showing that other relatives of his, further removed by blood, had been the recipients of gifts, the decedent thus indicating that Scheid was left out because the testator intended the policy of insurance should be paid to him. The offer of the will was properly rejected for the reason that nothing could be predicated upon it in this controversy, as no one could know what was in the testator's mind at the time he executed it save as it affirmatively speaks his purposes.

The case was for the jury and was submitted for their determination by the learned trial judge in a clear, concise and impartial charge.

All the assignments of error are overruled and the judgment is affirmed.