# Sproat, Appellant, *v.* Travelers Insurance Co.

*Insurance—Life insurance—Change of beneficiary—Blanks unfilled.*

1. Where a policy of life insurance provides that the insured may "change the beneficiary to take effect only when such change and the written consent of the company thereto are endorsed upon the contract," the mode prescribed by the policy must be followed; a mere unexecuted intention to change the beneficiary is not sufficient.

2. If the insured expresses an intention to change the beneficiary, receives blanks from the company for the purpose, but merely signs them without filling them up, and never returns them to the company, and fails in every way to do all that he reasonably could to effect the change, the courts will hold that no change of beneficiary has been effected.

Argued March 18, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 31, March T., 1927, by plaintiff, from judgment of C. P. Cambria Co., Sept. T., 1924, No. 866, for defendant n. o. v., in case of Florence S. Sproat v. Travelers Insurance Co., etc. Affirmed.

Issue to determine ownership of fund paid into court. Before REED, P. J. O. C., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 on which judgment was entered for Wm. B. Sproat, substituted defendant, n. o. v. Plaintiff appealed.

*Error assigned* was judgment for defendant n. o. v., quoting record.

*J. Earl Ogle, Jr.,* with him *Joseph Levy,* for appellant. —The endorsement of the change on the policy is not usually a condition precedent,—and it is submitted that it is not in our case,—and, where such endorsement is a mere formal or ministerial act on the part of the company, the failure to obtain it, as where a policy is lost, does not preclude the express intention of the insured from taking effect: Gannon v. Gannon, 88 Pa. Superior Ct. 239.

The court improperly usurped the province of the jury: Herrod v. Kimbrough, 83 Pa. Superior Ct. 238.

The conclusions to be drawn from the evidence were for the jury: Porter v. Casualty Co., 270 Pa. 508.

*Percy Allen Rose,* for appellee.—Unless prevented by causes beyond his control, insured was compelled to comply with requirements of policy of insurance with respect to change of beneficiary: Bell v. Beneficiary Assn., 270 Pa. 407; Grant v. Faires, 253 Pa. 232; Kress v. Kress, 75 Pa. Superior Ct. 404; Herrod v. Kimbrough, 83 Pa. Superior Ct. 238.

OPINION BY MR. JUSTICE WALLING, April 11, 1927:

In 1919 the defendant company issued a $10,000 policy on the life of Robert Lee Sproat, naming his legal representatives as beneficiary. As to change thereof the policy states: "Provided this contract is not assigned, the insured may at any time and from time to time during its continuance change the beneficiary, to take effect only when such change and the written consent of the company thereto are endorsed upon the contract at the home office of the company, or attached thereto, whereupon all rights of the former beneficiary shall cease." As therein authorized the insured in March, 1923, had his wife, Florence S. Sproat and his brother, William

B. Sproat, named as equal beneficiaries. The insured died February 21, 1924, and this contest arose because the wife (later widow) claimed the entire $10,000, by virtue of an alleged further change of beneficiary to that effect. The insurance company expressed a willingness to pay the $10,000, and, on the bringing of this suit, the brother was allowed to intervene as a defendant. By agreement $5,000 was paid the widow and the balance, $5,000, paid the prothonotary to abide the event of the suit. The case was submitted to the jury who found for the plaintiff, Mrs. Sproat; but later, the trial court entered judgment for the defendant n. o. v. Therefrom the former brought this appeal.

On August 13, 1923, the insured wrote the defendant company expressing a desire for a change so his wife might be made sole beneficiary and asking for blank applications for that purpose, which were promptly supplied him. Except, as hereinafter stated, the matter was not again brought to the company's attention and no record was made by it of the proposed change. In the fall of 1923, an agent of the company called upon the insured, saw the blanks above mentioned and discussed the question of the proposed change of beneficiary, but nothing was done. The insured said his policy was mislaid and the agent asked him to forward the executed blanks, stating the loss of the policy and a request for a copy thereof, which would be sent him. The agent was a witness for plaintiff and according to his testimony the insured at that time was in doubt as to changing the beneficiary. That statement was brought out on cross-examination and as he failed to state what the insured said, it was not entitled to weight: Hartranft's Est., 153 Pa. 530; Given v. Albert, 5 W. & S. 333. In any event, the insured never forwarded the blanks or asked for a copy of his policy, and after his death the former were found among his papers, signed but not filled out. Plaintiff testified that both she and her husband made diligent, but vain, search for the policy. She also testified that

on or about August 10, 1923, her husband paid his brother an indebtedness which she claimed had caused him to be named as a beneficiary. This was denied by the brother, as intervening defendant, who testified that, aside from the suggested payment, the insured still owed him a sum larger than the entire policy. The insured had the right, however, to designate either his wife or brother or both as beneficiaries and his reasons for so doing were not controlling.

The insurance company also had the right to stipulate the manner in which the beneficiary could be changed. "Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy, at the home office of the company, and the endorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed by the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient": 37 C. J. 584. See also Bell v. Police Beneficiary Assn., 270 Pa. 407; Masonic Mut. Assn. v. Jones, 154 Pa. 107; Vollman's App., 92 Pa. 50; Herrod v. Kimbrough, 83 Pa. Superior Ct. 238; Kress v. Kress, 75 Pa. Superior Ct. 404; Freund v. Freund, 218 Ill. 189, 75 N. E. 925.

The exception to the rule above stated is that where the policy holder has made every reasonable effort to effect a change of beneficiary it will be given effect. As stated by Judge GAWTHROP, speaking for the Superior Court in Gannon v. Gannon, 88 Pa. Superior Ct. 239, "There is abundant authority for the rule of law that the courts will give effect to the intention of the insured to change the beneficiary by holding that the change has been accomplished where he has done all he could to comply with the provisions of the policy"; and see Cooley's Briefs on the Law of Insurance, vol. 4, p. 3769.

Plaintiff's claim is founded on the exception just stated, for there is no suggestion that there was endorsed upon the contract at the home office of the company, or elsewhere, or attached thereto, its consent to the alleged change. The fatal defect in her case is an entire lack of evidence that the insured did all he reasonably could to effect the change of beneficiary. He could have filled up the blank applications and returned them to the company; he could have written the company, requesting a copy of his policy, which the agent informed him he could secure; he also could have requested the noting of the transfer on the records at the home office; but he did, none of these things. He was alive and capable of doing business for six months after receiving the blanks and that he took no step during that time to complete the change rendered imperative the conclusion of the trial court that he had not done all he reasonably could to complete the transfer. He had made one change of beneficiary and knew what was necessary. Furthermore, his letter of August 13, 1923, could not effect a change of beneficiary: Kress v. Kress, supra; Herrod v. Kimbrough, supra. This he knew for he asked for blanks to enable him to take the necessary steps for that purpose. So long as he retained the blanks, the change of beneficiary was not accomplished by merely placing his name upon them: Jenks v. Banner Lodge, 139 Pa. 414. See also French v. Provident Savings Life Assur. Society, 205 Mass. 424, 91 N. E. 576. Furthermore, when found among his papers the blanks did not refer to any particular policy. Whatever may have been in the insured's mind, there is nothing in this record to sustain the change of beneficiary contended for by appellant.

The judgment is affirmed.