## Riley *v.* Wirth, Appellant.

Argued October 10, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Elverton H. Wicks,* with him *John D. McIntyre,* for appellant.

*Lee C. Beatty* and *Frank W. Ittel,* for appellee, were not heard.

OPINION BY MR. JUSTICE LINN, November 27, 1933:

This is an interpleader to determine ownership of the proceeds of two 20-year endowment life insurance policies issued on the life of Beatrice Riley. The plaintiff is the insured's father; defendant is her sister. The defendant was named beneficiary when the policies were taken out, but a few days before the insured's death, she executed requests for change (naming her father), which were delivered to the company. Each brought suit on the policies. The company then filed its petition for an interpleader setting forth the rival claims, readiness to pay the amount due, and asked leave to pay into court. An issue was ordered for trial on pleadings under the Practice Act of 1915. The amounts due were paid into court. The father has judgment on the verdict. Defendant appeals.

Two contentions are made, (1) that the effort to change the beneficiary failed because the policies were not delivered to the insurance company with the requests for change, so that the change could be endorsed on the policies, (2) that the insured had made a gift or equitable assignment of the policies to the defendant.

The policies were not formally assigned to defendant. She testified that when the first policy was received (March, 1925), the insured said, "Here, Pearl, is my policy, you are named beneficiary, if anything happens to me you are to take care of me." When the second was received (January, 1926), the insured said, "Here, Pearl, is my insurance, if anything happens to me you will be in position to take care of me in case of sickness or death." The policies remained in defendant's possession

until after the death of the insured which occurred January 22, 1929.

January 14, 1929, seriously ill, the insured was taken to a hospital, and was visited by her father. He testified that she said she wished him to have her insurance; that he advised the attending physician of this fact, who then wrote a proposed change of beneficiary which the insured signed in the presence of another daughter of plaintiff. On taking to the insurance office the documents so executed, plaintiff was informed that the change must be written on forms prepared for that purpose by the company. They were supplied to him, duly filled in by the company's agent with all that was required for the purpose; plaintiff gave them to the hospital physician, who again presented them to the insured, who executed them. Plaintiff took the requests to the insurance office on January 21st, where they were apparently accepted, though no endorsement was made on the policies, which still remained in defendant's possession. No demand for the policies was made by the insured, or by anyone on her behalf, between January 18th when she executed the request for change, and the date of her death.

Each policy contained the following provision: "Change of Beneficiary...... Every change of beneficiary must be made by written direction of the insured and any irrevocably designated beneficiary, and filed with the Company at its Head Office, accompanied by this policy, and the Company shall be charged with notice of such change only when endorsed on this policy by the Company......"

One of the requests for change of beneficiary is quoted in the margin.*

---

* "Request for change of Beneficiary. To the Fidelity Mutual Life Insurance Co., Philadelphia, Pa. I herewith inclose policy No. 375976, for $1,000 on my life, for the purpose of changing the beneficiary therein named as provided for in said policy, and I hereby designate and appoint William R. Riley, Rear 837 Neely Heights Ave., Coraopolis, Pa. (relationship Father) with the right

Omission to deliver the policies with the requests may have been due to the serious character of the insured's illness. The court specifically instructed the jury to determine whether the insured intended to make the change, whether there was fraud or unfair dealing in obtaining her signatures, and whether "every reasonable effort under the circumstances" was made to change the beneficiary; the verdict determines those facts for plaintiff. If the insured did all that she could do in the circumstances, more cannot be required: Gannon v. Gannon, 88 Pa. Superior Ct. 239; Sproat v. Travelers Ins. Co., 289 Pa. 351, 137 A. 621.

The policies did not provide that the insurer must approve or assent to the choice of a new beneficiary, or that a change should take effect when endorsed on the policy (as in Sproat v. Travelers Ins. Co., supra, and Shoemaker v. Sun Life Ins. Co., 101 Pa. Superior Ct. 278, cited by appellant, though endorsement would seem only a ministerial act), but merely that they should be produced for the purpose of recording the only notice of such change which the insurer should be compelled to recognize. The company may waive compliance with a provision inserted for its benefit: Sane's Est., 91 Pa. Superior Ct. 466, 473; Scheid v. Storch, 271 Pa. 496, 500, 115 A. 841; Royal Arcanum v. Behrend, 247 U. S. 394, 401; also see Vance, Insurance (2d ed.), page 571; Richards, Insurance (4th ed.), page 566. Paying the proceeds into court in discharge of its liability on the policies is conclusive proof of waiver.

Appellant's second contention also fails. Each policy was a chose in action. The insured paid the premiums. When delivered to her it became her property. Its terms measured the rights, obligations and limitations of the insurer, insured and beneficiary. As the insured had re-

---

to revoke and change the beneficiary. Send future premium notices to Myself. Address 306 Shady Ave., Pittsburgh, Pa. Witness my hand and seal this 19th day of January, 1929. Insured— Beatrice Riley. Witness F. T. Billings."

served the unrestricted right to change the beneficiary, defendant then had no vested right to the insurance at maturity; she had only an expectancy of benefit: Irving Bank v. Alexander, 280 Pa. 466, 470, 124 A. 634; Weil v. Marquis, 256 Pa. 608, 614, 101 A. 70; Vance, Insurance (2d ed.), 559 et seq.; Richards, Insurance (4th ed.), 564.

We have quoted defendant's recollection of what was said by the insured when she delivered the policies to the defendant. Instead of supporting a gift, those expressions indicate an intention not to give absolutely; the proceeds are to be used for the account of the insured, not for defendant's use. And defendant concedes this. Her argument is that the policies were delivered to her "with words" (we quote from her statement of questions involved) "indicating a gift and instructions to take care of insured in case of insured's sickness or death"; they were, as appellant has phrased it, "instructions to take care of insured in case of insured's sickness or death," they do not show any intention to enlarge the rights of the beneficiary. The reservation of the unrestricted right to change the beneficiary at any time is a circumstance also inconsistent with intention to make a gift; there is nothing to indicate an agreement not to revoke the designation of the beneficiary. Moreover, defendant never thought that a gift had been made to her until after verdict, when, for the first time, it was suggested in the motion for a new trial. The documentary evidence supports the plaintiff and not the defendant: Cf. Bond v. Bunting, 78 Pa. 210; Lightner's App., 82 Pa. 301; Walsh's App., 122 Pa. 177, 15 A. 470. There is no evidence that the insured intended to surrender policy rights to receive dividends, or to the cash surrender value or the proceeds at the expiration of the endowment period. A beneficiary may of course make a parol gift of a paid-up policy, as in Hani v. Germania Life Ins. Co., 197 Pa. 276, 47 A. 200, and the delivery of a policy may entitle the holder to the proceeds, as in Scheid v. Storch,

271 Pa. 496, 115 A. 841, both relied on by appellant, but the gift must be established by evidence. Defendant's evidence fails.

Judgment affirmed, costs to be paid out of the fund in court.