## Heilig, Administratrix, v. Holmes

*John Lamon*, for plaintiff; *Charles L. Taylor*, for defendant.

LEWIS, J., September 14, 1934.—The matter before us concerns the disposition of a death benefit and is submitted on a case stated. From the agreed facts it appears that the decedent in her lifetime was a member of a beneficial association from 1917 to 1933, the time of her death. The bylaws of the association provide for the payment of a $250 benefit to the member's "beneficiary". There appears to be no particular method of designating the beneficiary. When decedent became a member, she designated in writing as her beneficiary her brother, George Bromhead, who, however, predeceased her. Subsequent to his death, the decedent stated that Fannie Holmes was her beneficiary but signed no writing to that effect. She did endeavor to designate the new beneficiary in a more formal manner but was prevented by her illness from so doing. Fannie Holmes is the person with whom decedent lived for a period of 30 years prior to her decease, who was the beneficiary designated in writing in connection with another beneficial association of which the decedent was a member, and the person who paid the funeral expenses of the deceased, and during the said 30 years paid some of the expenses of deceased and nursed her during her various illnesses.

The beneficial association recognizes its liability for the payment of the death and funeral benefits in the amount already mentioned, and has deposited the sum of $250 in escrow with a trustee to abide the decision of this court. The contest for the death benefit fund arises between the said Fannie Holmes and Lucy B. Heilig, the administratrix of the estate of the deceased member, who, we are told, is also representing the three children or heirs of George Bromhead, the original designated beneficiary.

As has already been stated, the agreed facts disclose no particular require-

ment on the part of the beneficial association as to how the beneficiary should be designated. Manifestly, therefore, any manner of designation is sufficient if there be sufficient evidence of that fact. It is set forth in the agreed facts that, after the death of the original designated beneficiary, the decedent "stated that Fannie Holmes was her beneficiary." Since the association does not complain of the manner of designation, it is difficult to see how any other person or party can raise that question.

The Supreme Court held, in Riley v. Wirth, 313 Pa. 362, that, where an assured wishes to change the beneficiary in an insurance policy and makes every reasonable effort under the circumstances to accomplish that result, the change is effected even though not endorsed on the policy until after the death of the assured. There was a requirement by the insurance company in that case that the change of beneficiary be endorsed on the policy, and the suit there was one in which an assured sought to make a change in a living beneficiary; in our case there was no change of beneficiary but a designation of a new beneficiary because the original one had died. There is nothing in the bylaws of the association which is left uncomplied with, and we repeat that the association itself is not raising any question as to the propriety of decedent's act, and therefore we can see no right on the part of any other person raising it.

We have no hesitation in concluding that Fannie Holmes is entitled to the fund, and in accordance with a stipulation of the parties judgment is here entered in favor of the said Fannie Holmes, and John Lamon, Esq., trustee of the defendant, is hereby authorized and directed to pay the same over to the said Fannie Holmes or to her attorney, Charles L. Taylor.