Skamoricus *v.* Konagiskie, Exrx., Appellant.

Argued February 6, 1935. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*D. J. Boyle,* with him *J. J. Gallagher,* for appellant.

*C. W. Staudenmeier,* with him *R. A. Freiler,* for appellee.

PER CURIAM, March 25, 1935:

This is an interpleader to determine which of two claimants is entitled to the proceeds of a life insurance policy paid into court by the insurance company. Appel-

lant complains of the refusal of binding instructions and of motion for judgment notwithstanding the verdict.

The judgment is affirmed for the reasons thus stated in the opinion of the learned court below filed pursuant to Rule 58:

"Respecting change of beneficiary, the policy provides that every change of beneficiary must be made by written notice to the company at its home office accompanied by the policy for endorsement of the change thereon by the company, and unless so endorsed the change shall not take effect, and after such endorsement the change relates back to and takes effect as of the date insured signed the written notice of change whether he be living at the time of such endorsement or not. Plaintiff showed that on July 28, 1932, the insured went to the Reading office of the insurance company and there executed a form changing the beneficiary to Frances Skamoricus, his mother. This form was executed in the presence of C. W. Parker, cashier of the insurance company, and was witnessed by him. The insured did not have the policy with him and the cashier gave him the change of beneficiary form, executed as detailed, with instructions to return it and the policy for proper endorsement of the change of beneficiary. The plaintiff showed further that about 10 o'clock on the night of August 2, 1932, the insured met Thomas Price, a notary public, in a cigar store in Shaft, the place of the insured's residence. The insured told Price that he had a paper which he wanted to swear to changing the beneficiary of his insurance to his mother. He produced the paper, which was the direction for change of beneficiary previously executed in the Reading office. He stated to Price that he wanted the paper sworn to so that he could return it to the home office as soon as possible. Price told him that his notarial seal was at the colliery office where Price worked and offered to go to the office for it. Price expressed the opinion that the paper did not need to be sworn to, but the insured insisted upon swearing to it and told Price to keep it until the following

morning when he would go to the office and swear to it. Price kept the paper and left the insured in the cigar store. At about 12:35 a. m. on the following morning, August 3d, the insured was injured and rendered unconscious. He continued in that condition until 7 a. m., at which time he died. Subsequently, Price delivered the change of beneficiary form to the plaintiff and she sent it with the policy to the Reading office of the insurance company, where it was received on September 2, 1932. The company, however, did not endorse the change of beneficiary on the policy. All of the evidence establishing the foregoing facts was uncontradicted and the defendant offered no proof. Defendant contended that what was done by the insured was not sufficient to change the beneficiary and she now contends that judgment should be entered for her notwithstanding the verdict.

"The issue was submitted to the jury in this manner: 'To state it in other words, the exception to the general rule, which is that the terms of the policy must be complied with, is that where the policyholder has made every reasonable effort to effect the change of beneficiary the change will be given effect. But a mere unexecuted intention is not enough. The intention must be carried into execution. So that, in this case the essential inquiry is whether the new beneficiary, that is, the plaintiff, Mrs. Skamoricus, has successfully met the burden of showing that the insured intended to make her his new beneficiary and carried that intention into execution to such an extent that effect should be given to it. That, members of the jury, is the essential inquiry in this case. Did the insured intend to make the plaintiff, his mother, the new beneficiary under this policy of insurance, and did he sufficiently carry out that intention so that it should now be given effect? And the burden of showing that that was his intention, and that he did sufficiently carry it out, rests, as I said in the beginning, upon the plaintiff in the case. Unless she has satisfied you of those facts by the weight and fair preponderance of the evidence in the case

she is not entitled to recover.' The verdict for present purposes may be taken as establishing the fact that the insured intended to make his mother his beneficiary and that he did all that could reasonably be expected to carry out this intention. So, if the evidence produced is sufficient to support the verdict, it should stand.

"The consent of the company to the change of beneficiary was not required and the endorsement of the change on the policy is a mere formal and ministerial act on the part of the company and is not a condition precedent to the taking effect of the change of beneficiary. Consequently, whether the change was endorsed on the policy or not is immaterial, and the questions of the insured's intention and whether he made every reasonable effort under the circumstances to change the beneficiary were properly submitted to the jury: see Gannon v. Gannon, 88 Pa. Superior Ct. 239, 243; Riley v. Wirth, 313 Pa. 362, 366. Furthermore, the rights of the insurance company were not involved in the issue. Different considerations might apply if they were. By paying the fund into court, the company waived its right to insist upon literal compliance with the terms of the policy respecting change of beneficiary, and since the provision for endorsement of the change on the policy is for the protection of the company, absence of the endorsement does not avail a rival claimant: Sane's Est. (No. 1), 91 Pa. Superior Ct. 466, 473; Beaver Trust Co., Guar., v. Kertis et al., 298 Pa. 322, 324; Riley v. Wirth, supra, at page 366. The conclusion is irresistible that the non-endorsement of the change on the policy is immaterial and is unavailing as a defense on the part of the rival claimant to the fund: see Ruggeri, Admrx., et al. v. Griffiths, Guar., 315 Pa. 455."

Judgment affirmed.