## Potochinak's Estate

D. J. C. O'Donnell, for petitioner.

Jos. G. McKeone and T. D. Wade, contra.

WINDLE, P. J., November 25, 1935.—The executor of the last will and testament of John Potochinak, late of the Township of Schuylkill, Chester County, Pa., deceased, caused this citation to issue on Harry V. Elliott, calling upon him to show cause why he should not turn over to said executor a certain policy of life insurance on the life of the testator in said Elliott's hands, payable to said testator's estate. On the return of the citation, no answer having been filed or appearance entered by Elliott, an order was made directing the delivery of the policy in question to said executor. Upon his noncompliance therewith, an attachment was issued and he was taken into custody. Then, and not until then, did he represent that he was holding said policy for reasons which he considered good and sufficient, whereupon the court directed that, upon his filing an answer to the petition for the citation and the citation, he would be discharged from custody and the matter would be heard and decided on its merits. Such answer was filed and in due course a hearing was had. Elliott testified as to his reasons for retaining the policy admittedly in his possession. No other testimony was presented and the matter is now before us for disposition.

Elliott's testimony, to which no objection was made by counsel for the executor, was to the effect that Potochinak delivered the policy of insurance on his life to the witness as collateral security for indebtedness due Elliott for board and care of the insured during the latter part of his life, when he was unable to work, and was supported by Elliott, he, Elliott, paying the premiums on said policy during that period, and that for that reason he had re-

fused to hand the policy over to petitioner, not having been paid the amount claimed to be due him on that score. Admittedly there was no written assignment of the policy, or any interest thereunder, to Elliott or any effort to designate him as beneficiary therein.

In view of said uncontradicted testimony and the facts established thereby the prayer of the petition for this citation may not be granted. The only question before us is whether or not at this time, and without more happening, Elliott may be required to deliver the policy involved to the executor of the insured's will. That question must be answered in favor of Elliott's position. The cases of Hani v. Germania Life Ins. Co., 197 Pa. 276, and Scheid v. Storch et al., 271 Pa. 496, are directly in point and are here controlling. In each of those cases a policy of life insurance was delivered, by the one having the beneficial interest therein, to another, without any written assignment at all or change of beneficiary, but accompanied by words indicating an absolute transfer of the donor's interest. The court held in each case that such transfer constituted an equitable assignment of the policy and was effective to pass the interest therein to the assignee. Here we have facts different only in that instead of an absolute assignment a conditional assignment is established—a pledge. Under the authority of the above-cited cases, it is quite as effective for its purpose as either of the transfers in said cases described, and must be sustained. Elliott therefore is entitled to hold said policy until the conditions of the pledge are fulfilled, to wit, until his claim for board of the insured is paid. Since from the testimony it appears that that has not been done or offered to be done, he may not be compelled to deliver up the policy and this application to that end may not be granted. Whether Elliott will be able to collect the proceeds of the policy from the insurance company is a question not before us and one therefore which we do not undertake here to pass upon.

Citation dismissed.