KIT v. STECKER.
No. 7187.

Circuit Court of Appeals, Third Circuit.
Jan. 15, 1940.

Judgment reversed, and cause remanded, with directions.

E. A. Howell and Lloyd Goman, both of Chester, Pa., for appellant.

A. Albert Feldman, of Philadelphia, Pa., for appellee.

Before BIGGS, JONES, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

This is an interpleader proceeding involving claims to a $1,000 group life insurance certificate in the Equitable Life Assurance Society. The plaintiff, Helen Kit, alleged that she was named beneficiary by Peter Stacy, the deceased assured; and the defendant, Anna Stecker, a sister of Peter Stacy, claims both as administratrix of his estate and as belonging to the class designated by the policy where no beneficiary had been named.

The individual certificate issued to the deceased by the Society provided: "Subject to the terms and conditions of the policy the insurance is to be payable to the beneficiary"; and the form for request for change of the beneficiary which accompanied the policy, contained the words: "Subject to the right of the Insured to change the beneficiary in accordance with the policy provisions." When the policy was issued on February 1, 1936, it had the following beneficiary clause: "Any employee may from time to time while insured hereunder change the beneficiary by a written request upon the Society's blank filed at its Home Office. Such change to take effect only upon the receipt of the request for change at the Home Office of the Society." On February 1, 1937, this clause was amended to read: "Any employee insured hereunder may from time to time, while this policy is in force, change the beneficiary. Every change of beneficiary must be made by written notice to the employer, signed by the employee. Upon receipt of said notice by the employer a record of such change will be entered by the employer upon the insured's records maintained by it in connection with the insurance under this policy and unless such entry is made the change shall not be effective." Neither Stacy nor Mrs. Kit had any actual knowledge of the contents of the policy. Early in September, 1937, Stacy filled in on the form the name and address of Helen Kit and wrote above this: "In case of my death, ful Beneficiary for the sum of one Thousand Dollars goes to Mrs. Helen Kit and no body else." He signed the form, on which the date of February 4, 1936, had already been typewritten; his signature was witnessed by Jane McCollough, and he delivered the executed request for change and the certificate to Mrs. Kit, telling her that he was giving her the policy. He died October 15, 1937. The question presented, therefore, is whether this was a sufficient designation of the beneficiary under the provisions of the policy. The District Court for the Eastern District of Pennsylvania refused to enter judgment for Anna Stecker, the defendant, on her statutory demurrer. The case was tried, and the jury found a verdict in favor of Helen Kit, under instructions that they must determine whether Stacy intended to make Mrs. Kit his beneficiary, and "whether he did all that could be reasonably expected" to that end. Thereafter, the court entered judgment for the defendant stating in the accompanying opinion that under the decisions something more than a mere intention is necessary to effect a change of beneficiary, and that since the policy required that the request should reach the company, "the insured must at least start a communication of his intention moving in that direction." [29 F.Supp. 261.] The learned trial judge was of the opinion that the proof showed only "that the insured had formed an intention that Mrs. Kit should have the money * * * which is not sufficient. * * *"

The question is a narrow one. How closely do directions in a policy relating to the manner of effecting a change in the beneficiary have to be complied with? The early cases required strict compliance. A will devising death benefits from a lodge was held not to comply with the regulations adopted by the lodge that the change of beneficiary must be made on the certificate in a prescribed form; Vollman's Appeal, 92 Pa. 50. Bell v. Police Beneficiary Ass'n, et al., 270 Pa. 407, 411, 113 A. 417, 418, held that a requirement in the by-laws of a benevolent association that the consent of beneficiaries was necessary before the change could be made, must be complied with. The "right must be exercised strictly in accord with the by-laws of the association * * *." These two cases dealt with beneficial associations, and per-

haps do not present entirely the same considerations as clauses found in the policies of insurance companies. But in Kress v. Kress, 75 Pa.Super. 404, the Superior Court of Pennsylvania held that where the method required notice and a return of the policy for endorsement the giving of the notice by letter alone was not sufficient. Judgment in favor of the original beneficiary was entered by the court on an interpleader proceeding. The court found that the insured had not done all he could to complete the change. "The valid substitution of the beneficiary depended upon a full compliance with the terms provided in the contract of insurance * * *."

As the lower court in the case before us indicated, the execution of the request or the endorsement of the policy alone is not sufficient. Some external act of delivery or surrender must be made. Jinks v. Banner Lodge, 139 Pa. 414, 418, 21 A. 4, 5; Thomeuf v. Knights of Birmingham, 12 Pa.Super. 195, 201; Sproat v. Travelers' Ins. Co., 289 Pa. 351, 137 A. 621, 622, where the insured signed the blank request, but did not return it, and the court said, quoting from Corpus Juris, that a "mere unexecuted intention to change the beneficiary is not sufficient"; and in Stoll v. Boyle, Casserly, appellant, 116 Pa.Super. 64, 176 A. 43, the court held that the execution of a will did not satisfy a requirement of written notice of a change of beneficiary in a mutual benefit association.

Other and more recent cases have taken a more liberal view by endeavoring to give effect to the intention of the assured where this intention has been clearly expressed, or where the holder of the policy "has made every reasonable effort to effect a change."[1] Thus in Beaver Trust Co. v. Kertis, 298 Pa. 322, 324, 148 A. 471, 472, the provision was that the policy must be returned with the written request to modify so that the name of the new beneficiary could be endorsed on the policy. The second beneficiary was claiming under a change executed by the decedent while in the hospital two days before his death, but not delivered to the company until eight days thereafter. The Supreme Court said: "An assignment would be valid whether noted on the policy or not, when the clear intention of the decedent to

so proceed appeared, for the action of the company in making such an indorsement is ministerial in character. * * *." In Skamoricus v. Konagiskie, 318 Pa. 128, 121, 177 A. 809, 810, in which a provision similar to the one before us was considered, the assured executed the form which was witnessed by an employee of the insurance company, and took it to a notary to have his signature sworn to, but as the notarial seal was not in the office, he left, and died the next morning while the form was still at the notary's office. The trial court submitted to the jury the question of whether the policyholder had made every reasonable effort to effect the change, pointing out that a mere unexecuted intention was not enough. The resulting verdict in favor of the second beneficiary was upheld by the Supreme Court. The only difference between that case and the one before us is that there the form had first been delivered to an officer of the company, but it had been returned and was still in the office of the notary when the assured died. The intent to execute the change is more objectively expressed in our case since the assured put both the notice and the certificate out of his possession by delivering them to the beneficiary. In Estate of K. I. Sanes, No. 1, 91 Pa.Super. 466, the insured filled out and forwarded the notice to the company without having also forwarded the policy, as required. The Superior Court sustained a decree of the Orphans' Court in favor of the changed beneficiary on the ground that there was evidence from which it could be concluded that the insured had done all he could do to comply with the policy. The facts in Tomilio v. Pisco, 123 Pa.Super. 423, 187 A. 86, were similar. Notice to the employer was required under a group insurance policy. The deceased scratched a mark intended to represent his name on a notice of change, assisted by a nurse who had been sent to him by his employer. The notice was delivered after his death; and the court held that this was sufficient evidence on which the jury could find an executed change.

The most recent case in the Supreme Court of Pennsylvania, Cody v. Metropolitan Life Insurance Company, 334 Pa. 137, 140, 5 A.2d 887, 888, spoke of "the rule requiring one claiming on a defectively or imperfectly executed appointment to show

---

[1] Sproat v. Travelers' Ins. Co., supra.

that the insured, in exercising the reserved power to make the change, had done everything in the circumstances *reasonably possible to comply with the provision* [italics supplied]." All that the case held was that the jury were justified in determining that the insured had not done the reasonably possible where he had forwarded the notice but not the certificate which was in his wife's possession. This does not say that a verdict for the changed beneficiary would have been sustained. But the words we have emphasized imply recognition of such compliance as a question of fact drawn from circumstances such as those before us. Stacy filled out the form, signed it, had it witnessed by someone other than the beneficiary, read the certificate, concluded that it need not "go back to the company", and delivered notice and certificate to the beneficiary. He had never seen the policy and did not know of the requirement. The jury found that he had done all that could be reasonably expected. This seems to us to bring the case under the rule defined in the Cody case, and we do not find any policy of law suggested in the Pennsylvania cases which should prevent the finding of this ultimate fact from concluding the question in favor of the changed beneficiary. The learned trial judge thought that the insured should have started the notice on its way to the company. But there is no indication in the cases that the so called "exception" to the stricter rule requires that particular kind of overt act. In the Skamoricus case, supra, the notice had been returned to the assured and was waiting further action on his part before being sent to the company when he died.

Deciding as we do, it is unnecessary for us to determine whether the insurance company waived the provision for notice by paying the money into court. We think that the inconsistency in the cases dealing with waiver is more apparent than real.[2] If there has been substantial performance, the adverse claimant cannot claim failure to follow a ministerial requirement, or a regulation of the company, as a defense, where the company has by the payment waived the defense which it could perhaps have used if sued. This does not mean that any substantive rights of the claimant, fixed at the time of the assured's death, had been or could be waived.

It has been suggested that if strictly there has been no change of beneficiary under the terms of the policy, there is a gift or equitable assignment of the policy. But we think it unnecessary to preserve the appearance of a stricter construction of the requirement for notice by invoking another legal process, not contemplated by the assured, to reach the same desirable result. The courts, as we have seen, have tended to relax the strict rule, to find exceptions to it, rather than to preserve the form of definition while changing the substance. The broader conception is more equitable, and gives effect to the assured's intent, while insisting that it must be expressed by action on his part.

Judgment reversed, and the cause is remanded, with directions to enter judgment for Helen Kit, the plaintiff.

---

[2] Grant v. Faires, 253 Pa. 232, 97 A. 1060, held that payment of the money to a stakeholder, pending judicial determination, was not a waiver of any rights. The assured had filled out the blank form on the certificate and sent it to the fraternal society, which returned it for an affidavit and the transfer fee, and it was found in the deceased's possession, undelivered, at his death. The court held that there had been no change of beneficiary. The decision, however, was not based only on the failure to comply strictly with the regulations of the association, but also because the court thought the assured had abandoned the attempt to make the change. In Kress v. Kress, 75 Pa.Super. 404, it was held that the assured by not forwarding the policy had not done all he could to effect the change; and that payment of the fund into court did not constitute a waiver.

On the other hand, more recent cases have held that payment into court by the company "waived its right to insist upon literal compliance", Skamoricus v. Konagiskie, supra [318 Pa. 128, 177 A. 810]; that the "company may waive compliance with a provision inserted for its benefit," Riley v. Wirth, 313 Pa. 362, 366, 169 A. 139, 140; and does so by paying the money into court, Scheid v. Storch, 271 Pa. 496, 115 A. 841; Tomilio v. Pisco, supra; Estate of K. I. Sanes, supra.