**Puleo v. Metropolitan Life Insurance Co.**

*James P. Geoghegan*, for plaintiff.

*Wright, Mauck, Hawes & Spencer*, for defendant.

CORSON, J., June 11, 1954.—This is an interpleader to determine which of two claimants is entitled to proceeds of a life insurance policy paid into court by the insurance company.

In 1930 Leonarda Interrante, now deceased, obtained two policies of life insurance upon her life in the sum of $360, payable to her executor or administrator, or under the "Facility of Payment Clause" to any relative by blood or connection by marriage of the insured, or to any other person appearing to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for her burial. There was no beneficiary endorsed on the original policies and the policies are silent as to any right to change beneficiaries.

In 1935 a lost policy statement was executed by the insured and duplicate policies were issued by the insurance company naming Mary Bambi Puleo, hereinafter called "plaintiff", as beneficiary. The duplicate policies bear the following endorsement:

"This policy is issued in place of the original policy bearing the same number, upon an application alleg-

ing that the original has been lost or destroyed, and will be accepted by the Metropolitan Life Insurance Company, and full faith and credit will be given the same in the absence of the production of said original policy."

The duplicate policies also bear the following endorsement:

"Subject to the provisions authorizing payment to the executor or administrator of the insured, or at the company's option to other persons, Mary Bambi Puelo—granddaughter—has been designated to receive Death Benefits Only."

In 1940 Leonarda Interrante died at the age of 73, whereupon plaintiff surrendered the duplicate policies to the insurance company; and James Bambi, hereinafter referred to as "claimant", surrendered the original policies, claiming to have expended money on behalf of decedent in administering the affairs of her estate.

Plaintiff brought suit against the insurance company, who in turn filed a petition for interpleader. Claimant then filed his complaint and later made a motion for judgment on the pleadings. It is this motion which is before the court for disposition.

It is incumbent upon this court in passing upon the present motion to make an over-all examination of the pleadings to determine whether or not judgment may be entered prior to trial. Judgment on the pleadings can only be entered if there are no factual questions to be resolved. A careful reading of the pleadings fails to reveal any controverted allegations of fact. The present motion, which may be entered for either party, will be dispositive of the instant case.

The primary question which must be answered is whether or not the duplicate policies are null and void because the originals were surrendered to the insurance company by claimant. The duplicate policies

bear the express endorsement that "full faith and credit will be given to the same *in the absence of the production of the original.*" Claimant contends that the only possible interpretation of this language is that since the originals were produced, the originals prevail.

Claimant's suggested construction of the endorsement may be literally correct. However, it would lead to logical and practical results which would be unconscionable. The most obvious illustration which comes to mind is the situation where the original policy is stolen by a beneficiary who has fallen into disfavor with the insured and realizes that the insured is about to alter the insurance policy to the beneficiary's detriment. Thus, the claimant's interpretation of the "Lost Policy Endorsement" would result in the anomalous situation of a third party controlling the contractual rights of the parties to the contract of insurance. Clearly, this was not the intent of the insured or the insurer.

Furthermore, both the original and duplicate policies provide:

"Terms cannot be changed, or conditions varied except by the express agreement of the company evidenced by the signature of its president or secretary."

Certainly the endorsement cannot be construed so as to vitiate this inherent and basic right of the insurance company. It is fundamental that the terms of a contract are to be construed so as to effectuate the true intent of the parties as manifested by the entire contract. It is the duty of the court in interpreting a contract to reconcile whatever contradictions may appear and to give a reasonable and practical construction to the contract; one which will give effect to all of its conditions and terms.

We are of the opinion the only reason the insurance company inserted the "Lost Policy Endorsement" was

to protect itself against suit if for some reason it had paid out the proceeds of the policy under the terms of the original. That is, it had the right or option to make payment under the terms of the original; however, by paying the fund into court, the company has waived any right it may have had, and, clearly, claimant cannot avail himself of this right: Skamoricus v. Komagiskie, 318 Pa. 128, 132 (1935) ; Sane's Estate (No. 1), 91 Pa. Superior Ct. 466, 473; Riley v. Worth, 313 Pa. 362, 366.

Claimant further contends that the endorsement naming the beneficiary is under and subject to the provision authorizing payment to the executor or administrator or the company's option under the "Facility of Payment Clause." This issue, simply stated, is whether or not the right of the beneficiary to the proceeds of the policies is superior to that of the executor or administrator or one claiming under the "Facility of Payment Clause."

It is well settled in Pennsylvania that when an insurance company pays the proceeds of a policy into court, it has elected not to exercise its rights under the "Facility of Payment Clause." Therefore, this clause need not be considered: Pashuck, Admr., v. Metropolitan Life Insurance Co., 124 Pa. Superior Ct. 406, 409 (1936) ; Willard v. Prudential Insurance Co. of America, 276 Pa. 427 (1923).

Claimant maintains that the main body of the insurance policy contains no provision for naming a beneficiary. He argues that in view of this fact, the effect of the endorsement is to give the company no more than an option under which it could make payment to the beneficiary if so inclined, but since it has not excercised this option, the named beneficiary is precluded from recovering payment and it must be made to the executor or administrator.

There is no merit whatsoever to claimant's argument. First of all, a careful reading of claimant's complaint fails to disclose any allegation that claimant was ever appointed administrator or executor of the estate of the insured. This in itself would be a sufficient refutation of the above argument. However, since the omission in the complaint may have been a mere oversight, we will discuss the contention as if claimant were the administrator of the estate.

This precise question came before the Superior Court in the case of Pashuck, Admr., v. Metropolitan Life Insurance Co., supra, and the court said, at page 409:

"Appellant contends that no right to change the beneficiary having been reserved in the policy, the subsequent designation of appellee as beneficiary was a nullity. Ordinarily where the designation of the beneficiary in the policy is absolute and unconditional, because the right to change the beneficiary is not expressly reserved to the insured, the beneficiary has a vested interest in the policy and cannot be deprived of its proceeds by anything the insured may do without the beneficiary's consent. Knoche, admr. v. Mutual Life Insurance Co., 317 Pa. 370, 176A. 230. However, as stated in that case, at p. 372: 'This right is subject, however, to the terms and conditions of the policy.'

"In the instant case, the policy provided under the heading of 'Conditions': 'Its terms cannot be changed, or its conditions varied, except by the express agreement of the company, evidenced by the signature of its President or Secretary.' This impliedly gave the right to make a change in the manner specified. Endorsed on the policy was the following: 'Subject to the provisions of the policy authorizing payment at the company's option to other persons, Alexandra Buraczewska, sister, has been designated beneficiary to receive death benefit only. W. C. Fletcher, Secre-

tary.' . . . The provision in the policy for payment 'to the executor or administrator of the insured,' under the circumstances, cannot be said to have ·given a vested interest in the executor or administrator, as neither were in esse at the time, and where subsequent to the issuance of the policy, pursuant to its terms, another beneficiary was designated.

"If the right to name or change the beneficiary existed in the insured, the specified beneficiary supersedes any personal representative insofar as the right to the proceeds of the policy is concerned. The executor or administrator would not, therefore, be entitled to collect on the policy under such circumstances."

The same condition and endorsement discussed in the above quotation appear in the policies now under consideration. Therefore, for the reasons given therein, the right of a named beneficiary in an industrial insurance policy to the proceeds is superior to that of an executor or administrator of the estate of the insured.

And now, June 11, 1954, judgment is directed to be entered in favor of plaintiff, Mary Bambi Puleo, on the pleadings and the prothonotary is directed to pay to plaintiff, Mary Bambi Puleo, the sum of $388, which sum was paid into court by the Metropolitan Life Insurance Company.