## Seidel v. Nationwide Mutual Ins. Co.

*Paul C. Hensel* and *Maloney, Danyi, Goodman & Hensel*, for plaintiff.

*Victor F. Cavacini* and *Snyder, Doll & Schantz*, for defendant.

BACKENSTOE, *J.*, January 7, 1975—The sole issue in this case is whether plaintiff, a policyholder of defendant company, is entitled to benefits under a family compensation provision contained in his auto policy. Since there are no factual disputes, the issue being one of interpretation, the parties have asked the court to resolve the matter on the basis of the pleadings. Briefs having been filed and argument held, the matter is now before us for disposition.

The facts leading up to this litigation are not complicated. In October of 1969, Viola Seidel, plaintiff's wife, was issued an auto policy by defendant company. This policy contained a family compensation clause which, at the time of the accident, covered Mrs. Seidel's Volkswagen. In January of 1971, defendant company issued a policy to plaintiff covering his 1969 Chevrolet. Included in the policy's coverage was a family compensation clause identical to the one contained in his wife's policy. In the latter part of January of 1971, when both policies were in effect, Cynthia Seidel, plaintiff's daughter, then a resident of plaintiff's household was injured in an accident while driving her mother's Volkswagen. As a result of this accident defendant company paid medical bills in excess of

$4,000 under the family compensation clause of the wife's insurance policy. Thereafter, plaintiff requested an identical payment under his family compensation provision.

Plaintiff insists that under these circumstances Cynthia is covered under the terms of his auto policy and therefore he is entitled to the benefits contained therein. Defendant insurance carrier insists, with equal vigor, that she is not included within the policy and, therefore, plaintiff is not entitled to any recovery.

Since the relationships of the parties to an insurance policy are contractual, their rights must be determined by its terms: Kress v. Kress, 29 Dist. R. 161; Riley v. Wirth, 313 Pa. 362, 169 Atl. 139. It is, of course, axiomatic that principles of construction governing contracts are equally applicable to policies of automobile liability insurance. If the language used in the contract is plain and susceptible of but one meaning that language will control. This principle prevails notwithstanding the rule of construction that contracts of insurance are to be strictly construed in favor of the insured: 1 Couch on Insurance 2d, §15:10.

In this case the pertinent provision of the policy provides as follows:

"D. FAMILY COMPENSATION. (Applicable to the Policyholder and relatives resident in his household and occupants of the insured vehicle)

"(1) To pay, in accordance with the Schedule below, to or for the benefit of the Policyholder, and while residents of the same household, his spouse, and the relatives of either who by accident suffer bodily injury, sickness, disease or death: (a) while in or upon, entering or alighting from:

\* \* \* \* \*

"(iii) any other land motor vehicle or trailer *except* one owned for more than 30 days *by any person who is insured* under this insuring agreement." (emphasis supplied).

In our opinion whether or not defendant is liable to plaintiff under this family compensation provision turns on the interpretation of the phrase "any person who is insured" as contained in D.(a)(iii).

Cynthia was injured while in a land motor vehicle which was owned for more than 30 days by her mother, Viola Seidel. If Viola was a person who was insured under George Seidel's policy, he then, under the express terms of the contract, clearly cannot recover. If Viola was not a person who was insured under this agreement, it is equally clear that George Seidel would be entitled to recover. Plaintiff, in construing this clause, urges the court to read the words "any person who is insured" as meaning the named policyholder. We believe this is an untenable contention and that to interpret the clause in this manner is simply to ignore clear and unambiguous language. To construe the contract as plaintiff suggests, one would have to read the pertinent clause as follows:

"(iii) any other land motor vehicle . . . except one owned for more than 30 days . . . by the named policyholder . . . under this insuring agreement."

We believe this construction is, to say the least, forced, in view of the fact that the word "policyholder" is used twice in the controlling paragraph. In any event, the issue is conclusively resolved in the definition section of the policy where the word "insured" is defined as:

"II.(a)(1) the Named Insured as stated in the policy herein . . . and, while residents of the same

household, the spouse of any such Named Insured and relatives of either. . . ."

In view of this clause, there is, in our opinion, no question that Viola Seidel was a person insured under the policy.

Finally, it seems apparent that the underlying thrust of this litigation is based on the premise that if Mrs. Seidel had not been insured in her own right, Cynthia would have had the right to recover under Mr. Seidel's policy. This, as we have taken some pains to note, is incorrect.

Accordingly for the foregoing reasons, we enter the following

## ORDER

And now, January 7, 1975, for the reasons hereinbefore stated, the complaint in the within matter is dismissed.