572 A.2d 867

**BOARD OF PENSIONS AND RETIREMENT, CITY OF PHILADELPHIA, Appellant,**

**v.**

**Margaret BOELTER, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided April 6, 1990.

Steven K. Ludwig, Deputy City Sol., with him, Ralph J. Teti, Chief Deputy City Sol., for appellant.

Ronald J. Harper, Harper & Paul, Philadelphia, for appellee.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

The Board of Pensions and Retirement of the City of Philadelphia (Board) appeals an order of the Court of Common Pleas of Philadelphia which reversed an order of the Board and awarded certain benefits to Margaret Boelter (Margaret).

Ferdinand Boelter (Ferdinand) was a long time employee of the City of Philadelphia. In 1962, he married Margaret and shortly thereafter named her as his beneficiary to receive death benefits. At a later date, the couple separated and Ferdinand began paying support to Margaret pursuant to a court order. In 1980, Ferdinand applied for a marriage license with Delores M. Boelter (Delores). In that application, Ferdinand indicated that he had never been

married. The license was granted and they were "married". Ferdinand executed a change of beneficiary in which he named Delores as his beneficiary.

Ferdinand died in August of 1988. Up until his death, he had been making the required support payments to Margaret. Ferdinand and Margaret were never divorced. Both Margaret and Delores made application to the Board for death benefits. The Board denied both applications. Margaret then requested a hearing before the Board. Following the hearing, the Board awarded benefits to Delores. Margaret then appealed to the Court of Common Pleas of Philadelphia which reversed the Board's order and awarded her benefits. The Board has appealed to us.[1]

Section 214 of the Philadelphia's Municipal Retirement Ordinance provides:

214.1 An employee subject to the provisions of Section 205 (Survivorship Retirement Benefits), 210 (Ordinary Death Benefits) and Section 211 (Payments to Spouses) may nominate only the beneficiaries hereinbelow set forth....

(a) *The Spouse living with the employee at the time of his death or entitled to support by him;*

(b) The natural or adopted child or children of the employee;

(c) Parent or parents of the employee;

(d) The following person or persons only upon specific designation by the employee;

(1) A stepchild or foster child of the employee, or

(2) A child to whom the employee stood in loco parentis, or

(3) Any person whom the employee is legally obligated to support, or

(4) A relative by blood or marriage;

---

**1.** It does not appear from the record that Delores participated in the case in any manner since the Board denied her initial application for benefits.

(e) The estate of the employee where he retired under Option 1 or Option 4 of Section 205 (Survivorship Retirement Benefits).

214.2 *In the event no valid nomination is in force at the time that benefits become payable ... then payment shall be made to the person or persons, if any, in the foregoing clauses in the above order....*

The trial court in this case ruled that the Board erred in awarding benefits to Delores because it was a legal impossibility for her and Ferdinand to be married, Ferdinand's marriage to Margaret not having been ended by a divorce. The court went on to hold that as a spouse entitled to support, Margaret was entitled to benefits. We affirm.

The Board first relies upon a number of cases in which the designated beneficiary was awarded the benefits. None of these cases, however, are supportive of the Board's argument because *in none of those cases was the designation of beneficiaries restricted as is the case with the City's Municipal Retirement Ordinance.* The Board also argues that affirming the trial court's order will amount to refusing to effectuate Ferdinand's expressed intent in this regard. While that is certainly true, his intent is irrelevant if it flies in the face of Section 214 of the ordinance.

Affirmed.

## ORDER

NOW, April 6, 1990, the order of the Court of Common Pleas of Philadelphia, dated October 5, 1989, at No. 4542 May Term, 1989, is affirmed.