Gregory DALE, Matthew Dale and Rosemary Dale, Parent and Natural Guardian of Maureen Dale, Appellants,

v.

## PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT.

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1997.

Decided Dec. 2, 1997.

---

Vincent A. Guarna, Trevose, for appellants.

Michael G. Dryden, Philadelphia, for intervenor, Celeste Dale.

Before DOYLE and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Maureen Dale, by her parent and natural guardian Rosemary Dale, and Gregory Dale, and Matthew Dale (Children) appeal from an order of the Court of Common Pleas of Philadelphia County, which affirmed a decision of the Philadelphia Board of Pensions and Retirement (Board) which denied the Children's applications for ordinary death benefits of the deceased, Roy Dale, (Roy) but granted the application for benefits filed by Roy's widow, Celeste Dale (Celeste). We affirm.

Roy died as an active duty Philadelphia police officer on May 13, 1995. At the time of his death, Roy and the intervenor, Celeste were married. Before his marriage to Celeste on October 18, 1985, Roy executed a change of beneficiary designation on July 3, 1985, naming his mother and the Children as the beneficiary of his ordinary death benefits. The original of the change of pension beneficiary was filed, and is in the possession of the Board.

Pursuant to the change of beneficiary designation, the Children made an application for their designated lifetime monthly ordinary death benefits. Celeste also made an application for ordinary death benefits. There is no record in the Board's files of any change of beneficiary designation made by Roy which names Celeste as the sole beneficiary. However, Celeste supported her application with an affidavit stating that she and Roy completed change of beneficiary forms on May 9, 1986, whereby each named the other beneficiary of their pensions.

The Board thereafter conducted a hearing. At the hearing, Celeste testified that she was present when Roy executed the July 3, 1985 change of beneficiary form listing Children as his beneficiaries. She stated that in July, 1985, she and Roy had yet to be married but were engaged at the time. Together, they had gone to Lodge 5 of the Fraternal Order of Police (FOP), to remove their ex-spouses' names as beneficiary. Because Celeste and Roy were not yet married, they were not permitted to name each other as the beneficiary of their respective pensions. As such, Celeste testified that Roy changed the beneficiary designation from his ex-spouse to his mother and the Children, pending his marriage to her.

After their marriage, Celeste testified that she and Roy went to the FOP on May 9, 1986, where each of them completed forms to change the beneficiary designation of their pension benefits naming each other as beneficiary. Celeste and Roy gave their completed paperwork to Diane Doyle. Doyle kept the original and provided one photocopy to each of them. Doyle, in her affidavit, stated that the photocopy produced by Celeste was the same type of form used by the FOP in 1986. It was the policy of the FOP to send the original to the Board.

Celeste also presented a photocopy of the change of beneficiary signed by Roy, naming her as beneficiary of his pension benefits on May 9, 1986, and a photocopy of the change in beneficiary form she signed that same day naming Roy as the beneficiary of her pension. In addition, Celeste presented the affidavits of various people who stated that Roy told them that he had changed his beneficiary to Celeste.

After reviewing all of the evidence, the Board found that the testimony of Celeste was credible and that the signature on the May 9, 1986 change of beneficiary form was in fact that of her deceased husband, Roy. Although the Board did not have this change of beneficiary form in its files, it determined that Roy substantially complied with the policy requirements, and awarded ordinary death benefits to Celeste and denied the applications of the Children. On appeal, the trial court affirmed and this appeal followed.

█ The issues in this case are whether the Board and trial court committed an error of law by not strictly interpreting Philadelphia Municipal Retirement System Ordinance Section 214, which requires a change of beneficiary form to be filed with the Board and awarding ordinary death benefits to an individual not named on a change of beneficiary form filed with the Board and whether the Board's findings of fact are supported by substantial evidence.

█ This court's review of an administrative agency adjudication is limited to determining whether the local agency abused its discretion, committed an error of law, violated a party's constitutional rights and whether substantial evidence supports the agency's findings. *Board of Pensions and Retirement v. Schwartz*, 97 Pa.Cmwlth. 539, 510 A.2d 835 (1986).

The Philadelphia Municipal Retirement System Ordinance (Ordinance) governs the conditions upon which ordinary death benefits become payable. Section 210.2 of the Ordinance provides that "ordinary death benefits shall be paid to the beneficiary as provided in Section 214 (designation of beneficiary)." Section 214.1 of the Ordinance provides:

An employee ... may nominate only the beneficiaries herein below set forth to receive benefits which may become payable pursuant to the terms of this Ordinance, by reason of such employee's death. *Such nomination or designation shall be in writing, and shall be filed with the Board, the Fund or the Association, as the case may be.* (emphasis added.)

  (a)  The spouse living with the employee at the time of his death or entitled to support them.

      . . . .

Children maintain that, in applying Section 214 of the Ordinance, it is clear that in order to validly designate a pension beneficiary, the nomination must be filed with the Board. In this case, the Board does not have on file any change in pension beneficiary dated May 9, 1986, which identifies Celeste as the sole beneficiary. Rather, the most recent change of beneficiary designation made by Roy and on file with the Board is the designation dated July 3, 1985, which names Children as beneficiaries. Thus, Children maintain that the Board erred by granting Celeste's application for benefits because the original copy of the alleged 1986 designation was never filed with the Board. Because Roy did not comply with the filing requirements set forth in Section 214, Roy did not validly designate Celeste as his beneficiary.

Children maintain that, pursuant to Pennsylvania law, "[the deceased's] intent is irrelevant if it flies in the face of Section 214 of the Ordinance." *Board of Pensions and Retirement, City of Philadelphia v. Boelter*, 132 Pa.Cmwlth. 336, 572 A.2d 867 (1990). In *Boelter*, the deceased designated a woman who was not legally his wife as his beneficiary. Because Section 214 restricts the type of individuals qualified to be designated as a beneficiary, and this woman did not qualify under any of the classes, the court held that it was error to grant her application for benefits. The facts in this case however are distinguishable from *Boelter*. Unlike *Boelter*, Celeste as the widow of Roy, qualifies as a person under the Ordinance who is entitled to be designated as a beneficiary. *See* Section 214.1(a) of the Ordinance.

Children also rely on *Breckline v. Metropolitan Life Insurance Co.,* 406 Pa. 573, 178 A.2d 748 (1962). In that case, the deceased was required under the Federal Employees Group Life Insurance Act of August 17, 1954, to file a change of beneficiary with his employer. The deceased executed an informal writing designating Breckline as his beneficiary. However, the beneficiary designation was never filed in the employer's office as mandated.

The specific terms of the policy in that case prescribed "several categories of persons to whom, in the order named, insurance issued thereunder shall be paid." *Id.* 178 A.2d at 749. The first category consisted of beneficiaries designated by a writing received in the employer's office. The second category consisted of the widow or widower of such employee. The court awarded the benefits to the deceased's widow holding that the filing requirement would not be disregarded even though the deceased intended to designate Breckline as his beneficiary and made an effort to comply with the designation requirements.

The court discussed the substantial compliance doctrine but refused to apply it to the facts of that case. The court observed that it had consistently held that where the provision of a life insurance policy required that a written change of beneficiary be filed with the company to be effective, and such is executed, "and every reasonable effort is made to comply with the requirements of the policy, the change of beneficiary is valid and binding, even though it is not filed with the insurer before the death of the insured." *Id.* at 750. The procedure to be followed in the changing of a beneficiary may be disregarded to give effect to the intent of the insured. *Id.*

The court in *Breckline,* however, refused to give effect to the deceased's intent. The court observed that a federal statutory provision, not an administrative regulation was involved. The statutory provision, requiring the filing of designations with the employer's office, had to be fully complied with because the provision went beyond merely procedure to substantively define who may receive insurance benefits. Because the provision at issue was substantive in character rather than procedural, it could not be disregarded.

■ In this case, we agree with Celeste that the requirement that the form be filed with the Board appears to be, in the language of *Breckline,* more procedural than substantive, and that the substantial compliance doctrine, relied on by the Board and trial court, is applicable to the instant case. As stated in *Breckline,* the provisions for filing a written change of beneficiary are procedural in nature and may be waived. *Id.* at 750. Under Pennsylvania law, an insured can change the beneficiary of a life insurance policy without strict and literal compliance with the policy terms if every reasonable effort under the circumstances was made to effect the change. *Provident Mutual Life Insurance Co. of Philadelphia v. Ehrlich,* 508 F.2d 129 (3rd Cir.1975).

Celeste maintains that deceased substantially complied with the filing requirements of the Ordinance. We agree. Roy completed a change of beneficiary designation, as evidenced by the photocopy produced by Celeste, designated Celeste as the recipient of his ordinary death benefits and submitted the form to the FOP, whose practice it was to send the original to the Board. As such, Roy substantially complied with the requirements of the Ordinance and Celeste is thus the proper beneficiary.

Children also maintain that it was unreasonable for the Board to accept a photocopy of the 1986 change of beneficiary produced by Celeste "because it is unreasonable to find this photocopy was ever filed with the Board." (Children's brief at 11.) However, the Board did not make a finding that the change of beneficiary designating Celeste as the beneficiary was filed with the Board. Rather, the Board and the trial court, as discussed above, determined that Roy had substantially complied with the requirement for changing the beneficiary.

■ In addition, Children maintain the Board should not have admitted the affidavits, presented by Celeste, as they were hearsay and do not constitute substantial evidence required to support the Board's finding that Roy actually filed the change of

beneficiary naming Celeste as the sole beneficiary. The affidavits however were corroborated by the testimony of Celeste who stated that Roy changed his beneficiary form in 1986, designating Celeste as sole recipient. Moreover, it is the prerogative of the agency, as factfinder, to make credibility determinations and to decide the weight to be given to evidence. *Civil Service Commission v. Ross*, 141 Pa.Cmwlth. 1, 595 A.2d 200, 202 (1989).

Accordingly, as Roy substantially complied with the requirements of the Ordinance, naming Celeste as his beneficiary, the decision of the trial court is affirmed.

### ORDER

NOW, December 2, 1997, the order of the Court of Common Pleas of Philadelphia County at No. SD 0098, July Term, 1996, is affirmed.