# Trumbetic v. Citizens Bank of Pennsylvania

*Ronald S. Jones,* for plaintiff.

*Thomas E. Reilly,* for defendant Citizens Bank of Pennsylvania.

*John H. Herbruck* for defendant Danylo.

KUNSELMAN, *P.J.,* April 25, 2007—This declaratory judgment action is before the court on a motion for summary judgment filed on behalf of the plaintiff, Judith Trumbetic. The defendant, Nancy M. Danylo, did not file a response to Trumbetic's motion because it was not endorsed with a notice to plead. The defendant, Citizens Bank of Pennsylvania, did not file a response because it has been dismissed from the action by stipulation of the plaintiff and is prepared to pay the disputed funds it holds to either Trumbetic or Danylo as the court declares.

The factual and procedural history of this dispute follows. On April 13, 1987, Donald R. Kelley, Danylo's father, opened an Individual Retirement Account (IRA) with Mellon Bank N.A. In the application, Kelley named Danylo as the beneficiary of the account. On September 1, 1994, Kelley signed another application for the same account in which he designated Trumbetic as the beneficiary of the account. On April 16, 2001, Kelley signed a distribution election form in which he selected a payment option and gave directions for payment from the IRA. Trumbetic's name was inserted in the blank space of this form as the "direct beneficiary's name." All three of these forms were also signed by "P. Stump," an employee of Mellon Bank N.A. and Trumbetic has possession of a copy of all three forms.

Thereafter, Mellon Bank N.A. was acquired by Citizens Bank which succeeded to the IRA account and which retained P. Stump as an employee. Citizens Bank has possession of the originals of the initial application dated April 13, 1987 and the distribution election form dated April 16, 2001, but does not have possession of the original of the application dated September 1, 1994. Kelley died on December 27, 2004 and both Danylo and Trumbetic made claims against Citizens Bank for the proceeds of the IRA. Citizens Bank refused to pay the proceeds to either claimant and Trumbetic filed this declaratory judgment action, seeking a declaration that she is the rightful owner of the IRA. Thereafter, Citizens Bank sought leave to interplead and pay the funds to the prothonotary to be paid over to Danylo or Trumbetic. Citizens Bank also sought counsel fees. Trumbetic secured leave to amend her complaint to include a count of negligence against Citizens Bank. Thereafter, Trumbetic and Citizens Bank entered into the stipulation referred to above.

The deposition testimony of Pauline Stump was taken by all three parties. While she had no specific recollection of either Kelley or any of the three papers referred to above, she verified her signature on each of the forms and described the usual practice was to give the customer a copy of each form and to send the original to the Mellon Bank's Retirement Savings Unit in Pittsburgh.

Trumbetic contends that she is the rightful owner of the fund because she is the designated beneficiary of the account, notwithstanding Citizens Bank does not have possession of the original of the form which designates her as the beneficiary. Danylo contends that the benefi-

ciary form held by Citizens Bank is dispositive because Trumbetic produced no corroborative evidence that Kelley intended to change the beneficiary. Danylo further contends that she has no obligation to respond to Trumbetic's motion for summary judgment because it was not endorsed with a notice to plead.

We will discuss Danylo's last contention first. The Pennsylvania Rules of Civil Procedure requires every pleading to be filed within 20 days after service of the preceding pleading unless the preceding pleading either fails to contain a notice to defend or is not endorsed with a notice to plead in which case a pleading need not be filed. Pa.R.C. P. 1026(9). Danylo contends that, because Trumbetic's motion for summary judgment was not endorsed with a notice to plead, she was not required to file a response thereto.

Danylo is in error for two reasons. First, a motion for summary judgment is not a pleading. Pleadings are limited to a complaint, answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto. Pa.R.C.P. 1017(a). Second, the applicable procedural rule requires a response. The rule provides, in relevant part, as follows:

"(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings *but must file a response within 30 days* after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

"(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

"(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

"(d) *Summary judgment may be entered against a party who does not respond.*" Pa.R.C.P. 1035.3(a), (b), (c) and (d). (emphasis added)

Because Danylo failed to file a response to the motion for summary judgment, we could grant summary judgment to Trumbetic for that reason pursuant to subdivision (d) of Rule 1035.3 if the facts alleged support such a judgment. *Harber Philadelphia Center City Office Ltd. v. LPCI Limited Partnership,* 764 A.2d 1100 (Pa. Super. 2000), *appeal denied,* 566 Pa. 664, 782 A.2d 546 (2001). However, we shall proceed to analyze the uncontroverted facts and determine if Trumbetic is entitled to judgment as a matter of law.

As we observed, Kelley clearly signed a form to change the beneficiary of his IRA from Danylo to Trumbetic. Pursuant to the usual practice of Mellon Bank, Kelley had a copy of that document delivered to him and the document came into the possession of Trumbetic following Kelley's death. The question is whether or not

the fact that the original of that document is not with Citizens Bank is fatal to Trumbetic's claim to the proceeds. We conclude that it is not.

Initially, we observe that there was no evidence presented that the IRA agreement required Citizens Bank to have the document in order for the change in beneficiary to be effective. Even if there was such a requirement, the failure to have the original on file at Citizens Bank is not fatal to Trumbetic's claims. In *In re Estate of Golas,* 751 A.2d 229 (Pa. Super. 2000), there was such a requirement. Nevertheless, Superior Court agreed with the trial court that the change of beneficiary was effective even though the decedent in that case did not even sign the change of beneficiary form. It was effective because the decedent had done everything he could to formally comply with the required procedure to effect the change in beneficiary and the evidence established his clear intent to make the change. The same result occurred in the context of death benefits from a pension plan in *Dale v. Philadelphia Board of Pensions and Retirement,* 702 A.2d 1160 (Pa. Commw. 1997).

In the case at bar, Kelley executed a change of beneficiary form designating Trumbetic as the sole beneficiary of his IRA. His intent to do so was confirmed when he inserted her name as beneficiary on the distribution election form. We therefore hold that Trumbetic is the rightful owner of the funds in the IRA account.

Finally, Trumbetic filed a motion for an award of attorney fees as a sanction for obdurate conduct under 42 Pa.C.S. §2503(7). Attached thereto is a proposed order which is drawn so as to award an amount of attorney fees to the plaintiff. At the time of oral argument, counsel for

Trumbetic submitted a detailed four-page document which described counsel's services, including the date of service and the amount of time expended. Based upon the time expended and counsel's hourly rate, the total fee computation is $4,025.

We shall deny the claim for counsel fees because counsel failed to follow the correct procedure to make the claim. Pursuant to Pa.R.C.P. 206.1(a)(2) and 239.2 we adopted L.R. 206.1(a) which, among other things, designated an application for attorney fees under 42 Pa.C.S. §2503 as a "petition" which shall be governed by Pa.R.C.P. 206.1 et seq. We also adopted L.R. 206.4(c) which describes the court's procedures for the issuance of a rule to show cause. If Trumbetic had followed the required procedure, a proper record could have been made which might have justified an award of attorney fees. Her failure to do so results in a denial of her claim.

An appropriate order is attached.

## ORDER

For the reasons set forth in the attached opinion, the court declares Judith Trumbetic to be the rightful owner and entitled to the proceeds of Citizens Bank IRA account no. **********, together with accumulated interest and earnings thereon.

The motion for counsel fees is refused.