## Breckline v. Metropolitan Life Insurance Co., Appellant.

574 

Argued January 3, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Harris C. Arnold, Jr.,* with him *Harris C. Arnold,*
and *Arnold, Bricker, Beyer & Barnes,* for interpleaded
claimant, appellant.

*John Milton Ranck,* with him *Appel, Ranck, Levy &
Appel,* for defendant, appellant.

*Wilson Bucher,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:
These appeals are from a final judgment entered on
the pleadings in an assumpsit-interpleader action.

The plaintiff, Mary E. Breckline, sued the Metropolitan Life Insurance Company to recover the proceeds due on a group life insurance policy issued to the United States Civil Service Commission under the Federal Employees' Group Life Insurance Act of August 17, 1954, c. 752, §2, 68 Stat. 736, 5 U.S.C.A. §2091 et seq. The policy insured the life of one William E. Steel, a civil service employee of the federal government, since deceased. The insurance company interpleaded the insured's widow, Mercedes E. Steel, and his brother, Robert W. Steel, as adverse claimants, but did not disclaim interest in the litigation. The brother, Robert W. Steele, filed no pleadings and a bar order was entered against him. The issue, therefore, resolved into a determination of the validity of the claims of the widow and the plaintiff.

The pleadings consisted of: 1. (a) Plaintiff's complaint, (b) Defendant's answer, and (c) Plaintiff's reply to defendant's new matter; and 2. (a) Mercedes E. Steel's statement of claim as interpleaded claimant (Pa. R. C. P. 2309), and (b) Plaintiff's answer to additional matter in that statement of claim.

When the pleadings were closed, the widow moved for judgment. The court below, not only denied her motion, but entered judgment for the full amount due in favor of the plaintiff. The widow and the insurance company appealed.

Section 4 of the Federal Employees' Group Life Insurance Act prescribes several categories of persons to whom, in the order named, insurance issued thereunder shall be paid. These specific terms are also written into the policy. The first is the beneficiary or beneficiaries whom the insured has designated *"by a writing received in the employing office prior to death."*[1] The second is the surviving "widow or widower of such employee."

---

[1] Emphasis supplied.

The plaintiff claims to be a designated beneficiary under the first category. The widow claims as a statutory beneficiary under the second category and disputes plaintiff's right to qualify under the first.

The facts pleaded by the plaintiff may be summarized as follows: The insured executed on February 7, 1960, a writing designating the plaintiff beneficiary of the insurance involved. He died on February 20, 1960. Further, on February 4, 1960, the deceased requested, by letter, that the insurance company forward to him the forms necessary to designate a beneficiary, but these were not received before he died. The executed informal designation of beneficiary in favor of the plaintiff, states therein that it was the insured's intention that the instrument take effect immediately.

It was stipulated in the court below that the beneficiary designation was never filed in the employer's office as required by the statute.

The widow-claimant's answer effectively denied the execution and existence of the designation in favor of the plaintiff, and demanded proof thereof. In view of this, the court below erred in entering judgment on the pleadings. Such a denial requires proof before the execution of the instrument, which is vital to plaintiff's case, may be deemed to exist. See, *Baxter v. Philadelphia*, 385 Pa. 424, 123 A. 2d 634 (1956). The court was of the opinion that the denial was insufficient because the means of proof were matters of public record. True the existence of the policy and statute under which it was issued were matters of public record, but clearly the existence of the alleged executed beneficiary designation is not in this category.

However, a more fundamental question needs to be discussed and resolved, namely: If such an instrument were executed, did it comply with the provisions of the Act of Congress? The lower court concluded that the intention of the insured should prevail and that there

was "sufficient" compliance with the statute. To this position, we cannot subscribe.

This Court has repeatedly ruled that where the provisions of a life insurance policy require that a written change of beneficiary be filed with the company in order to be effective, and such is executed, and every reasonable effort is made to comply with the requirements of the policy, the change of beneficiary is valid and binding, even though it is not filed with the insurer before the death of the insured. The Court logically reasoned that such provisions are procedural in nature, written into the contract for the company's benefit and may be waived. See *Riley v. Wirth,* 313 Pa. 362, 169 Atl. 139 (1933); *Ruggeri v. Griffiths,* 315 Pa. 455, 173 Atl. 396 (1934); and, *Skamoricus v. Konagiskie,* 318 Pa. 128, 177 Atl. 809 (1935). Other jurisdictions have arrived at the same result by concluding that only substantial compliance with such provisions of the policy is necessary. See, *Kochanek v. Prudential Ins. Co.,* 262 Mass. 174, 159 N.E. 520 (1928); *Prudential Ins. Co. v. Swanson,* 111 N. J. Equity 477, 162 Atl. 597 (1932).

The same sound reasoning has been followed in the federal courts involving similar situations and provisions in policies of insurance written under the War Risk Insurance Act, 40 Stat. 102, and the National Service Life Insurance Act, 72 Stat. 1148, 38 U.S.C.A., §701 et seq. See, *Johnson v. White,* 8 Cir., 39 F. 2d 793; *United States v. Pahmer,* 2 Cir., 238 F. 2d 431, and *Roberts v. United States,* 4 Cir., 157 F. 2d 906. Neither the War Risk Insurance Act nor the National Service Life Insurance Act contained any similar provision to the one in issue here. In fact, neither of these statutes contained therein any provision as to the form or manner of designating beneficiaries.

These cases hold that *policy provisions and administrative regulations,* which provide the procedure to

be followed in the designation of and change of beneficiaries may be disregarded to give effect to an expressed intent of an insured, who has failed to comply with the procedural requirements. No statutory provision was involved. The present case is substantially and *substantively* different.

Herein we are dealing with a statutory provision, not an administrative regulation; a substantive provision not a procedural one; a statutory provision which creates and defines the individuals who alone may receive the insurance benefits. Such a statutory provision cannot be disregarded and must be fully complied with. It is not subject to waiver and in fact has not been waived in this case. There is a vast difference between an administrative regulation which is procedural in nature and a statutory requirement which is substantive in character. The statutory provision involved was incorporated into the original Civil Service Retirement Act by amendment in 1950 (64 Stat. 214, 5 U.S.C.A., §724(e) now at 5 U.S.C.A., §2261(c)), and was later transplanted bodily into the group insurance act when adopted in 1954 (evidently, with deliberate purpose).

We are fully cognizant that a decision of the Ninth Circuit Court of Appeals holds a contrary view. See, *Sears v. Austin,* 9th Cir., 292 F. 2d 690, cert. denied December 4, 1961, affirming 180 F. Supp. 485. Therein the court equated the statutory requirements involved with a policy provision or administrative regulation and reasoned that such are for the protection of the insurer and should not be invoked to deny the expressed intent of the insured. Even though a federal question is involved, the *Sears* ruling is not persuasive and we do not feel bound by that decision in the absence of a ruling on the question by the United States Supreme Court. See *Hangelias v. Dawson,* 158 Pa. Superior. Ct. 370, 45 A. 2d 392 (1946). In *Brown v. Allen,* 344

U. S. 443, 491, 492, 73 S. Ct. 437, 439, the United States Supreme Court, in reviewing the legal signifi-- cance of a denial of certiorari, stated that: "Thirty years ago [this] Court rather sharply reminded the Bar not to draw strength for lower court opinions from the fact that they were left unreviewed here. 'The de= nial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times.' United States v. Carver, 260 U. S. 482, 490, 43 S. Ct. 181, 182, 67 L. Ed. 361. We have repeatedly indicated that a denial of certiorari means only that, for one reason or another which is seldom disclosed, and not infrequently for conflicting · reasons which may have nothing to do with the merits and certainly may have nothing to do with any view of the merits taken by a majority of the Court, there were not four members of the Court who thought the case should be heard." See also *Elgin, J. & E. Ry. Co. v. Gibson,* 355 U. S. 897, 78 S. Ct. 270.

Judgment reversed, the record remanded and the lower court directed to enter an order consonant with this opinion.

Mr. Justice COHEN dissents.