434 A.2d 125

**Lois CARRUTHERS, Claimant, Appellee and James W. Dolbow, Claimant, Appellant,**

v.

**$21,000 (FORMERLY NEW YORK LIFE INSURANCE COMPANY).**

**Appeal of James W. DOLBOW, Claimant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Aug. 14, 1981.

Joseph E. Lastowka, Jr., Media, for appellant.

Joseph P. Caranci, Media, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Lois Carruthers, appellee, and James W. Dolbow, appellant, are both claimants of the proceeds of a group life insurance policy in the sum of $21,000.00 written by the New York Life Insurance Company. New York Life was granted leave to pay the proceeds of the policy into court.

The policy was written on the life of Theodore Dolbow, Jr. who died February 13, 1976. Theodore Dolbow, Jr. was initially insured under the policy on January 6, 1966, while an employee of the Reading Company. At that time, he designated Theresa V. Dolbow, his wife, as the beneficiary.

On December 13, 1974, he changed the beneficiary to his brother, James W. Dolbow, one of the present claimants. He again changed the named beneficiary one February 28, 1975, this time to Lois Carruthers, the other claimant herein. Both changes were executed in full compliance with the provisions of the policy.

The present dispute resulted from the contents of a holographic will which was admitted to probate. It was written by the decedent on the back of an envelope and read:

"As my last will & testament all insurance and any and all articles that belong to me and willed to anyone other than my brother James W. Dolbow is hereby changed to read willed to James W. Dolbow.

/s/ Theodore R. Dolbow, Jr.
10–26–75"

That part of the insurance policy applicable in the instant case reads:

"The Group provides that . . . the proceeds of your life insurance are payable to the beneficiary last designated by you before your death . . . Any part of your insurance for which there is no beneficiary designated or surviving at your death will be payable to the executor or administrator of your estate . . ."

"A beneficiary can be designated, or . . . changed, only by a written notice received by or on behalf of New York Life. No such designation or change will be effective until recorded by or on behalf of New York Life, but once it has been so recorded, it will take effect as of the date the notice was signed, subject to any payment made or other action taken by or on behalf of New York Life before such recording."

The issue, therefore, is whether the will dated October 26, 1975, accomplished a change of beneficiary from Lois Carruthers, who had been properly named therein on February 28, 1975. The lower court held that the will did not work a change and we agree. There being no facts in dispute, the order was by way of a summary judgment based on the applicable principles of law.

■ Generally, in order to effect a change of beneficiary the mode prescribed by the policy must be followed. *Sproat v. Travelers Insurance Company*, 289 Pa. 351, 137 A. 621 (1927); *Riley v. Wirth*, 313 Pa. 362, 169 A. 139 (1933). As noted in the excerpt from the policy set forth above, notice of a change must be by a writing received by the insurer, or on its behalf, and recorded before a change becomes effective. Once recorded, the change becomes effective as of the date of the writing. The policy herein, however, does not prescribe the form of the written notice.

■ It is not disputed that notice of the will was not brought to the attention of the insurer until after the death of the insured. Although he lived approximately three and one-half months after executing the will, the insured made no effort to comply with the provisions of his policy. The intent of the insured will be given effect in our Commonwealth if he does all that he reasonably can under the circumstances to comply with the terms of the policy which permit a change of beneficiary. *Provident Mutual Life Insurance Company of Philadelphia v. Ehrlich*, 508 F.2d 129 (3rd Cir. 1975). The record herein reveals no extenuating circumstances which would allow us to find substantial compliance on the part of the deceased insured.

■ It is well settled that a change of beneficiary is valid even though notice is not received before the death of the insured if every reasonable effort is made to comply with the policy requirements. *Breckline v. Metropolitan Life Insurance Company*, 406 Pa. 573, 178 A.2d 748, 2 A.L.R.3d 1135 (1962). The appellant in the instant case relies on, as such notice, a letter sent by his attorney to the Reading Company which enclosed a copy of the will and demanded payment of the proceeds of the policy. The letter was not a notice to change the beneficiary, but assumed that the change had been accomplished by the will. In light of the precedent set forth above, such an assumption was erroneous. As the insured did not substantially comply with the policy provisions, neither the letter nor the will, nor both together, could act as notice of a change of beneficiary.

Appellant's claim is further abrogated by the fact that the insured complied with the policy provisions on two prior occasions. That fact clearly demonstrates the insured's knowledge of policy provisions regarding the mode required to change a beneficiary. An assumption that he intended to change the beneficiary by way of a holographic will is farfetched under those circumstances.

Lastly, the cases from foreign jurisdictions cited by appellant in his brief to buttress his claim that we should allow a will to work a change in beneficiary are distinguishable. In those jurisdictions which follow the principle of substantial compliance, as we do, the courts therein accepted the will as notice of a change of beneficiary in light of extenuating factual circumstances. As noted earlier, we find no such extenuating circumstances herein. Furthermore, those jurisdictions more often than not required specific language as to the policy in question in order to work a change of beneficiary. The language contained in the will here in question is general and ambiguous. We, therefore, find no support for appellant's arguments in any of those cases.

Accordingly, we affirm the order of the lower court.