# Alkhafaji v. TIAA-CREF Individual
# and Institutional Services LLC

*Frank G. Verterano,* for petitioners.
*Natalie M. Ruschell,* for respondents.

HODGE, *J.,* January 14, 2010—This matter was commenced by the petitioner's filing of a petition to enjoin distribution of pensions on January 24, 2008.

The petitioner, Fatin Alkhafaji, is the third wife of the decedent, Abbass Alkhafaji. Decedent was in a car accident in March of 2007 while visiting in Qatar. Decedent was transported back to the United States to UPMC Presbyterian Hospital and later transferred to Johns Hopkins Hospital. Decedent never left the hospital and his condition slowly deteriorated until his death in September 2007. Feeling his death was imminent, decedent dictated a will in July of 2007.

Paragraph (4) of decedent's will states as follows: "About my pension, the beneficiaries are all my biological children and my current wife Fatin, after reducing all costs associated with the house as such . . . should be divided according to the Islamic laws and Sharia . . . ."

Paragraph (9) of decedent's will also speaks to the distribution of any pension, "In case I have additional monetary benefits from my job such as life insurance, 401(k), 403(b) or any other retirement funds that I am not aware of, Allah as my witness, they should be divided, after cost associated with attaining those funds, according to the Islamic law and 'Sharia'."

At the time of his death, decedent was a professor at Slippery Rock University. As part of his employment in the Pennsylvania higher education system, he had acquired certain TIAA-CREF (Teachers Insurance and Annuity Association of American and College Retirement Equities Fund) contracts and certificates.

Decedent's beneficiary designation on the TIAA-CREF certificates listed his son, Ahmed Alkhafaji, from his second marriage, and two daughters, Alliah Alkhafaji and Sheameh Alkhafaji-Alduaisi, from his first marriage. The shares of the three children were to be divided equally, unlike Islamic law and "Sharia".

The parties have presented three joint stipulations of facts and the relevant facts stipulated to by the parties are as follows; TIAA-CREF has agreed to refrain from making distribution on the accounts until such time as this litigation can be concluded. TIAA is a New York nonprofit legal reserve life insurance company which provides fixed retirement annuities, group insurance and individual and collective life insurance to institutions of higher education. CREF is a nonprofit organization which issues individual, variable retirement annuities to those employees who are eligible to TIAA contracts. At the

time of his death, Abbass Alkhafaji was the owner of certain TIAA-CREFF contracts/certificates.

TIAA contract/CREF certificate

B532094-6/Q532094-3

K434259-4/J434259-6

3-571944-2/4-571944-0

TIAA-CREF is approved by the Pennsylvania Department of Insurance to issue annuities in Pennsylvania.

TIAA-CREF contract/certification B532094-6/Q532094-3 was issued on September 1, 1986; the last premium was paid on March 22, 1991; and the total value as of March 4, 2009 was $412,096.09; the value of the contract/certificate on May 25, 1995 was $98,216-.42, and the increase in value was $313,879.67.

The TIAA-CREF contract/certificate K434259-4/J434259-6 was issued on March 1, 1995; the last premium was paid on September 28, 2007; the value as of May 25, 1995 was $1,237.31; the total contributions after May 25, 1995 were $43,931; the value attributable to the pre-May 25, 1995 contribution as of March 4, 2009 was $3,523.54 and the value attributable to post-May 25, 1995 contributions as of March 4, 2009 was $67,079-.26.

The TIAA-CREF contract/certificate 3-571944-2/4-571944-0 was issued on September 1, 2003; the last premium was paid September 28, 2007; the total contributions were $60,046.44 and the value as of March 4, 2009 was $76,191.52.

TIAA-CREF contract/certificate B532094/Q532094-3 and K434259-4/J434259-6 are 403(b) qualified accounts and TIAA-CREF contract/certificate 3-571944-2/4-571944-0 are 414(h) qualified accounts.

With the exception of TIAA contract/certificate K434259-4/J434259-6, contributions were made in part on the contracts/certificates by Mr. Alkhafaji and part by his employer. Mr. Alkhafaji made all contributions to TIAA-CREF contract K434259-4/J434259-6. The TIAA contracts are akin to defined benefit accounts. The CREF certificates are akin to defined contribution accounts.

The marital settlement agreement dated May 25, 1995, entered into between Abbass Alkhafaji and Sana Ali and the will of the decedent were both delivered to TIAA-CREF Individual and Institutional Services LLC after the decedent's death and prior to any distributions of any of the funds from the annuities. TIAA contracts/certificates B532094-6/Q532094-3 and K434259-4/J434259-6 are qualified annuities under section 403(b) of the Internal Revenue Code and TIAA-CREF contract/certificates 3-571944-2/4-571944-0 are qualified annuities of the Internal Revenue Code 414(h).

The martial settlement agreement postdated the beneficiary form on file with TIAA-CREF for at least two of the decedent's three TIAA-CREF contracts/certificates. The decedent did not designate a beneficiary with respect to 3-571944-2/4-571944-0. The administrator for TIAA-CREF has a negative enrollment policy which assumes as beneficiaries on subsequently acquired TIAA-CREF certificates the most recently designated beneficiary on other TIAA-CREF certificates.

On July 17, 2007, the decedent executed a holographic will wherein he named all his biological children and his current wife as the beneficiaries to his retirement annuities. Following Mr. Alkhafaji's death, the petitioner sent the will to TIAA-CREF to act as notice of his change of beneficiary designation. The respondents contend that the will is not sufficient to change the beneficiary designations on file with TIAA-CREF.

Generally, in order to accomplish a change of beneficiary, the mode prescribed by the policy must be followed. *Carruthers v. $21,000,* 290 Pa. Super. 54, 434 A.2d 125 (1981). TIAA and CREF policy simply requires written notice.

"Procedure for elections and changes, you, or your second annuitant or beneficiary having the right to do so, may elect to change, in accordance with the terms of your certificate, any of the following by written notice satisfactory to TIAA (CREF), sent to its home office in New York, NY. No such notice will take effect unless it is received by TIAA (CREF). When received, it will take effect as of the date it was signed, whether or not the signer is living at the time we receive it." TIAA Group Manual section 37 and CREF Group Manual section 44.

TIAA-CREF first received indication that Mr. Alkhafaji desired to change his beneficiary designation when they received a copy of his will subsequent to his death.

The appellate courts of Pennsylvania have considered this issue on numerous occasions over the years, starting

with the Supreme Court case of *Sproat v. Travelers Insurance Company,* 289 Pa. 351, 137 A. 621 (1927). In *Sproat, supra,* the insurance policy required that a change of beneficiary be made pursuant to a specific form which would take effect only when the change and the written consent of the company are endorsed upon the contract at the home office of the company, or attached thereto, whereupon all rights of the former beneficiary shall cease. The decedent in this case, had in his possession, the blank change of beneficiary form for a period of six months prior to his death. The decedent signed the blanks for the change of beneficiary without filling them in or forwarding to the company, leading the Supreme Court to confirm the trial court's decision that the decedent did not do all he reasonably could have done to effectuate the change of beneficiary. The court found that the decedent could have filled out the blank application and returned it to the company; the decedent could have written the company, requesting a copy of his policy; he also could have required noting of the transfer on the records at the home office, but he did none of these things, and he was alive and capable of doing business for six months after receiving the blank form and he took no step during that time to complete the change, thereby leaving the trial court to conclude that he had not done all he reasonable could to complete the transfer.

In the *Carruthers* case, *supra,* the insurance policy in question required the designation of beneficiary to be in writing and recorded by the insurer, with the Superior Court affirming the trial court's decision that neither a holographic will changing the beneficiary of the life

insurance policy nor an attorney's letter sent to the insurer after the insurer's death notifying insurer of the holographic will's change in beneficiaries, was legally sufficient to effectuate a change in beneficiary. In finding so, the court concluded the decedent did not do all that he reasonably could have under the circumstances to provide the insurer notice.

The United States Court of Appeals for the Third Circuit, in the case of *Provident Mutual Life Insurance of Philadelphia v. Ehrich,* 508 F.2d 129 (1975), had the opportunity to interpret Pennsylvania law, the Court of Appeals holding that under Pennsylvania law, an insured may change the beneficiary of his life insurance policy by making a reasonable effort under the circumstances to effect the change. Procedures provided by the policy for change of beneficiary were for the protection of the insurer, which the original beneficiary, the ex-wife had no right to insist upon compliance. The right to change beneficiary was the right of the insured, personal to him, and was a privilege which could not be abrogated by the insurer in the absence of statutory provision or consent by the insured, and could not be assigned or transferred by the company. In *Provident Mutual,* the court found that the insured, by writing twice to the insurance company and once to the agent advising of his desire to change the beneficiary, was sufficient for the trial court to find that the insured made every reasonable effort to comply with the policy requirements.

The Pennsylvania Supreme Court case of *Breckline v. Metropolitan Life Insurance Company,* 406 Pa. 573, 178

A.2d 748 (1962), was a case involving a life insurance policy issued under the Federal Employee's Group Life Insurance Act. That Act required that the beneficiary designation be by a "writing received in employing office prior to death." The insured executed a writing designating the plaintiff the beneficiary of the insurance involved, forwarded in writing to the insurance company, and requested the insurance company forward to him the forms necessary to designate a beneficiary, but these forms were not received prior to the insured's death. The executed informal designation of beneficiary in favor of the plaintiff stated that it was the insured's intention that the instrument take effect immediately, rather, the parties had stipulated that the official beneficiary designation was never filed in the employer's office as required by statute.

Under the circumstances in *Breckline,* the Supreme Court pointed out that while the court has repeatedly ruled that where the provisions of a life insurance policy require that a written change of beneficiary be filed with the company in order to be effective, and such is executed and every reasonable effort is made to comply with the requirements of the policy, the change of beneficiary is valid and binding, even though it is not filed with the insurer before the death of the insured. However, in *Breckline,* there was a statutory provision, not an administrative regulation, with the Supreme Court holding that a statutory provision cannot be disregarded and must be fully complied with. The statutory provision is not subject to waiver, and in fact, could not be waived in this case.

The Commonwealth Court case of *Dale v. Philadelphia Board of Pensions and Retirement,* 702 A.2d 1160 (Pa. Commw. 1997), was a case in which the Commonwealth Court was interpreting a Philadelphia Municipal Retirement System Ordinance, which required a change of beneficiary form to be filed with the board. The Philadelphia Municipal Retirement System Ordinance required that nomination of beneficiaries and designation of beneficiaries shall be in writing, and shall be filed with the Philadelphia Board of Pension and Retirement, the fund administrator. As a result, the Commonwealth Court upheld the determination of the Pension Board, that the requirement that the form (change of beneficiary form) be filed with the board appears to be, in the language of *Breckline, supra,* more procedural than substantive, and upheld the decedent's change of beneficiary designation from his children from a prior marriage to his second wife, finding that the decedent substantially complied with the requirements of the ordinance, and that the second wife was properly the beneficiary.

The Superior Court of Pennsylvania, in *In re Estate of Golas,* 751 A.2d 229 (Pa. Super. 2000), had the opportunity to determine whether or not a decedent effectively changed a beneficiary of an I.R.A. from his sister to his estate, by virtue of the execution of a will, by establishment of an educational trust, by including a gift to the appellant's sister, and by discussing with his attorney the designation of the beneficiary of three of his assets to fund the trust. The Superior Court held that the evidence established the decedent's intent to change the beneficiary, that decedent eventually complied with

the requirement to use the broker's forms to change the beneficiary, and that his intent orally communicated in a telephone call to the broker was effective. The Superior Court noted that the formal procedures which an insurance company requires to affect a change in beneficiary are in place to protect the company, citing *Provident Mutual Life Insurance Company of Philadelphia v. Ehrich, supra,* and an original beneficiary is without the right to insist upon strict compliance with those requirements.

Several years later, the Commonwealth Court of Pennsylvania, in the case of *Greene v. Public School Employees' Retirement System,* 878 A.2d 153 (Pa. Commw. 2005), had the opportunity to address the same issues regarding the beneficiary of a public school employee's retirement system account. In *Greene,* the Commonwealth Court held that the assignment executed by a testator which designated her trust as the beneficiary of her retirement account due from the Pennsylvania School Retirement System, was filed with the P.S.R.S. two months after the testator's death, did not legally change the beneficiary on her P.S.R.S. retirement account, in that the retirement system code required a beneficiary nomination to be made by written request to the P.S.R.S. Board, and the code also required a change of beneficiary to be made on the nomination of beneficiary form. The Commonwealth Court held that a blanket assignment of assets was not the functual equivalent of a specific change in beneficiary.

This court concludes that the distinguishing factor in each of the above cited cases, is the question of whether

or not the insurer had a statutory provision or administrative regulation which sets forth the requirements for change in the designation of beneficiaries, as opposed to the circumstances in which the insurer's only requirement for change of beneficiary is notice of the change of beneficiary, which notice can be retroactive to the date of its signature as opposed to the date of receipt by the insurance carrier.

The marital settlement agreement dated May 25, 1995, by and between the decedent, Abbass Alkhafaji and his second wife, Sana Alkhafaji, designates the three older children, respondents herein, as beneficiaries of his TIAA-CREF accounts. However, there is no language in the marital settlement agreement that provides that the three children were to be the sole and exclusive beneficiaries of the account, nor is there any provision in the marital settlement agreement that prevented or prohibited the decedent from changing beneficiaries of the account or prohibits or prevents him from adding beneficiaries to his TIAA-CREF accounts. Adding additional beneficiaries on the TIAA-CREF account pursuant to the will, was not a violation of the decedent's contractual obligations pursuant to the marital settlement agreement with his second wife, Sana. Decedent's designation of the beneficiaries of the TIAA-CREF accounts in 1995, was in accordance with his personal circumstances at that time, namely that he was a twice-divorced father with three children.

After his 1995 divorce, the decedent married Fatin Alkhafaji, and with her, had five more children, all minors at the time of the decedent's death. The decedent pro-

ceeded to teach at Slippery Rock University, and was working in the Middle East Country of Qatar as a Fulbright Scholar, when he was seriously injured in an automobile accident in March of 2007. As a result of the automobile accident, the decedent became a quadriplegic, was hospitalized in the United States in the UPMC hospital system in Pittsburgh, Pennsylvania, and as a result of deteriorating health, was transferred to the Johns Hopkins Hospital in the Baltimore area. In addition to the injuries from the automobile accident, the decedent was diagnosed with spinal cancer. In this period of hospitalization, the decedent, as a quadriplegic, was incapable of conducting normal business affairs, was under heavy medication, and was hospitalized a substantial distance from his home.

On July 16, 2007, the decedent dictated his last will and testament in accordance with the Islamic law, known as Sharia. The original will, along with $76,000 of decedent's funds, was taken by decedent's brother, Ahmed Alkhafaji, after decedent's death, to his home in the country of New Zealand.

However, a copy of decedent's last will and testament dated July 16, 2007, was admitted to probate by the Register of Wills of Lawrence County, Pennsylvania, in accordance with Pennsylvania law. While the decedent's last will and testament was made in accordance with Islamic law, the will also is sufficient to comply with Pennsylvania law relative to wills, in that the document contains testamentary intent, it acknowledges the extent of the decedent's assets, the document contains dispositive provision for decedent's assets, the will is signed at

the end, witnessed, and with the signatures acknowledged by notary public, thereby meeting all requirements for admission of the copy of the will to probate.

The stakeholder in this case, TIAA-CREF, has not taken a position relative to the legal effect of the marital settlement agreement or the will, both of which were received by TIAA-CREF after decedent's death. Instead, TIAA-CREF's position is that it will distribute the assets in accordance with the court's decision.

As a result, the holding of this court is that decedent's TIAA-CREF accounts shall be distributed by TIAA-CREF pursuant to the decedent's last will and testament dated July 16, 2007, in accordance with paragraph 4 of the last will and testament, to his current wife, Fatin and his biological children. The court finds decedent did all that he reasonably could under the circumstances of his illness to notify the insurer of his beneficiary change.

Accordingly, the court will enter the following order.

## ORDER

And now, January 14, 2010, in accordance with the attached opinion, the court enters the following order:

(1) TIAA-CREF Individual and Institutional Services LLC, shall make distribution of the pension accounts of the TIAA-CREF certificates, B532094-6/Q532094-3, and K434259-4/J434259-6, to the decedent's surviving spouse, Fatin Alkhafaji, in accordance with decedent's last will and testament dated July 17, 2007, and to his biological children, Alliah Alkhafaji; Sheameh Alkhafa-

ji-Alduaisi; Ahmed Alkhafaji; Adam Alkhafaji;. Ali Alkhafaji; Hussan Alkhafaji; Hussain Alkhafaji; and Ibrahim Alkhafaji, in accordance of the law of Sharia, mainly, one-eighth share to the surviving spouse, Fatin Alkhafaji; and thereafter, the remaining balance to be divided, two shares each to the six male children, and one share each to the female children.

(2) The prothonotary shall properly serve notice of this order by regular mail or personal service upon counsel of record.