J-A09015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DREAMA ODELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELLEN WEINGARTNER AND SUN AMERICA ANNUITY LIFE, | |
| Appellee | No. 1433 EDA 2014 |

Appeal from the Judgment Entered June 13, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 12-01300

BEFORE: BOWES, DONOHUE, AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 27, 2015**

Dreama Odell appeals *pro se* the June 13, 2014 judgment entered on the verdict in favor of Edward Weingartner, III and Suzanne Law-Ticknor after a bench trial. We affirm.

The trial court succinctly stated the underlying facts and procedural history as follows: properly

> On or about November 11, 1961, Edward Weingartner, Jr. was issued a life insurance policy by Mutual Benefits Life Insurance Company under policy #4175670A. The primary beneficiary of the policy was his wife, Ellen Weingartner, and the contingent beneficiaries were "children born of marriage of insured and primary beneficiary or legally adopted by insured." Mr. and Mrs. Weingartner had two children, Edward Weingartner, III and Susan Law-Ticknor. Mr. and Mrs. Weingartner were divorced in 1994.

Mr. Weingartner passed away on December 17, 2011. On December 20, 2011, Plaintiff faxed a letter, dated December 19, 2011 and signed by her, to Sun America seeking payment of the proceeds of this life insurance policy. Attached to this letter was a Financial Transaction Request Form-Loan, dated December 14, 2011. This document, which appears to have been signed by Mr. Weingartner, seeks a loan to the benefit of Mr. Weingartner in the amount of $15,000.00. A handwritten note on the form, written by Plaintiff, requests a form to change the beneficiary of the policy and further states: "In the interim, this statement will serve as the official and authorized change identifying the beneficiary as Dreama Odell." Following this note is a signature which appears to be that of Mr. Weingartner, and the date, December 14, 2011. A second copy of the loan document with Plaintiffs handwritten note was received by Sun America through the mail on December 21, 2011.

Trial Court Opinion, 8/4/14, at 1-2 (select quotation marks omitted) (citations and footnotes omitted).

On February 6, 2012, Appellant filed a *pro se* complaint against Sun America Annuity and Life Assurance Company (incorrectly identified as Sun America Annuity and Life) ("Sun America") and Ellen Weingartner. Appellant asserted that she was entitled to the proceeds of Mr. Weingartner, Jr.'s life insurance policy because the decedent effectually named her has the primary beneficiary of that policy before he died. Sun America countered with, *inter alia*, a counterclaim for interpleader that sought to add the contingent beneficiaries, Edward Weingartner, III and Ms. Law-Ticknor, as interpleader claimants. Thereafter, the parties stipulated that upon interpleading the $27,979.66 insurance proceeds into the trial court, Sun

America would be discharged from any liability and dismissed from the case. Sun America deposited the funds and was dismissed.

Following a non-jury trial,[1] the trial court entered the above referenced order finding, "Plaintiff is not a beneficiary of the life insurance policy in question." Trial Court Order, 12/12/13, at 1 n.1. Essentially, the trial court determined that, pursuant to the terms of life-insurance policy, a request to change a beneficiary is deemed effective if received prior to the insured's death, that Appellant failed to establish that Sun America received the document in time, and that she adduced insufficient evidence to establish that Mr. Weingartner Jr. achieved substantial compliance with the policy's change-of-beneficiary requirements by utilizing every reasonable effort to satisfy the insurer's prerequisites. This *pro se* appeal followed the denial of Appellant's timely motion for post-trial relief.[2]

_____

[1] Appellant was represented by counsel during the non-jury trial; however, counsel was granted leave to withdraw on March 20, 2014.

[2] As judgment had not been entered on the record pursuant to Pa.R.A.P. 301 when Appellant filed her notice of appeal, this appeal was premature. **See Vance v. 46 and 2, Inc.**, 920 A.2d 202 (Pa. Super. 2007) (appeal to Superior Court can only lie from judgment entered subsequent to trial court's disposition of post-verdict motions, not from order denying post-trial motions). Accordingly, on May 29, 2014, we issued a *per curiam* order directing Appellant to file in the trial court a praecipe to enter judgment on the verdict. We further advised that upon compliance with the *per curiam* order, this Court would regard the premature notice of appeal as being filed after the entry of judgment. The trial court entered judgment on the verdict on June 13, 2014. Accordingly, the appeal is properly before this Court.
*(Footnote Continued Next Page)*

Appellant presents ten fundamentally redundant questions for our review, which we reduce to the following succinct issue: Whether the trial court erred in finding that Appellant failed to prove that she was entitled to the proceeds of Mr. Weingartner, Jr.'s life insurance policy.

The following legal principles are relevant to our disposition. First, we observe that, absent an error of law, our review the trial court's verdict is highly deferential. In **Kennedy v. Consol Energy Inc.** __A.3d __, 2015 PA Super 93, *12 (filed April 22, 2015) (quoting **Stephan v. Waldron Elec. Heating & Cooling LLC**, 100 A.3d 660, 665 (Pa.Super. 2014)), we recently reiterated our standard of review as follows:

> Our review in a non-jury case is limited to "whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law." We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is "not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion."

Next, as it relates to the questions posed in this appeal, we note that, in order to make a valid change to the beneficiary of an insurance policy, the

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

insured must comply with requirements specified by the policy. ***See Carruthers v. $21,000***, 434 A.2d 125 (Pa.Super. 1981). However, Pennsylvania jurisprudence has carved an exception to this doctrine when it is determined that the insured has done everything that he reasonably could do to comply with the policy. ***Id***. at 127. In ***Carruthers***, we observed, "The intent of the insured will be given effect in our Commonwealth if he does all that he reasonably can under the circumstances to comply with the terms of the policy which permit a change of beneficiary." ***Id***.

Instantly, Appellant's claim is two-fold. First, relying upon case law that addressed the contract principles of offer and acceptance, Appellant contends that the beneficiary designation was deemed received by Sun America on the date that she placed it in the mail on Mr. Weingartner, Jr.'s behalf. ***See Falconer v. Mazess***, 168 A.2d 558 (Pa. 1961) (offer of stock purchase was accepted by posting in mail); ***Chanoff v. Fiala***, 271 A.2d 285, 287 (Pa. 1970) (option on real estate accepted by posting check in mail the day before offer was due to expire); ***Russock v. AAA Mid-Atlantic Ins. Co.***, 898 A.2d 636 (Pa.Super. 2006) (automobile insurance renewal payment deemed received on date check was mailed because policy required premiums to be submitted by mail). Second, Appellant argues that Mr. Weingartner, Jr. achieved substantial compliance with the terms of the policy on December 15, 2011, by having Appellant note his intention to change the beneficiary on the Sun America loan transaction form, signing the form near

the hand-written notation, and directing Appellant to mail the form to Sun America. The crux of the latter argument challenges the weight of trial court's determination that Mr. Weingartner, Jr. did not effectuate a change of beneficiary on his insurance policy before he died.

In rejecting Appellant's initial position, the trial court concluded that the mail-box exception that Appellant attempted to invoke was inapplicable in this case because the insurance policy required that it receive changes to the designation of beneficiaries and alterations of payment options for beneficiaries prior to the death of the insured. Specifically, the life insurance policy provided,

> Upon request, the owner may change the beneficiary. The owner may also request that all or part of the proceeds be placed under a payment option for a beneficiary who is a natural person and who id to receive payment in his or her own behalf.
>
> **We must receive any such request before the death of the insured**. **When we approve the request, any prior designation of beneficiary and any prior agreement to place the proceeds under a payment option will cease to be in effect.**

*See* Mutual Benefit Life Insurance Policy, ¶ 21.[3] (emphasis added). As Appellant did not assert that Sun America received the change-of-benefit designation prior to Mr. Weingartner, Jr.'s death, the trial court concluded that the request was not effective.

_____

[3] Sun America is the successor to Mutual Benefit Life Insurance Company.

As it relates to Appellant's remaining assertions, the trial court found that Appellant failed to adduce any credible evidence that Mr. Weingartner, Jr. utilized every reasonable effort to comply with the policy requirements. Specifically, the trial court determined that Appellant's testimony regarding Mr. Weingartner, Jr.'s efforts to change the beneficiary lacked credibility and conflicted with other evidence in the certified record. The court doubted Appellant's testimony concerning both whether Mr. Weingartner, Jr. requested a change of beneficiary form from Sun America and whether he used reasonable efforts to tender the self-styled request that Appellant eventually submitted to the insurance company after his death. Additionally, trial court found Appellant's characterization of her relationship with Mr. Weingartner, Jr. as "life partners" was suspect in light of the fact that she sued him on at least one occasion over sales commission that she believed she was owed. N.T. 12/12/13, at 24-25. While the testimony regarding the prior lawsuits was only tangentially related to Mr. Weingartner, Jr.'s efforts to change his beneficiary, the trial court considered the dichotomy between Appellant's representations and actions revealing as to her general lack of credibility.

After a thorough review of the parties' briefs, pertinent law, and the certified record, we conclude that the Honorable Jacqueline C. Cody cogently addressed Appellant's arguments in her well-reasoned opinion entered on August 4, 2014, and we affirm on the bases contained therein.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015